## SYPHER ET AL V. SAVERY ET AL.

1. **Evidence**: BOOKS OF ACCOUNT. An agreement by several parties to loan certain sums of money to aid in the building of a hotel, provided that W. and others should be the attorneys in fact of the subscribers, empowered to contract with a suitable person to execute the purpose of the agreement, and collect and disburse the amounts subscribed. They entered into a contract with S. to build a hotel as contemplated by the subscribers, and W., who was a banker, was made their treasurer: *Held*, that the entries in the books of W. were not admissible to charge S. with the receipt of the subscriptions, in an action against him by a subscriber, to recover the amount of an alleged payment.

2. ———: ———: RES GESTÆ. An entry in a book of accounts, which is the principal fact upon which the right to recover is based, is not admissible as being a part of the *res gestæ*.

3. ———: CERTIFICATES OF STOCK. Certificates to subscribers issued by the attorneys in fact, acknowledging the payment of subscriptions to the loan, would not be competent evidence, and would not conclude S. in the action against him by a subscriber.

4. ———: RECEIPT. A receipt executed by S. to W. for a sum less than the whole amount subscribed, which did not specify the names of the parties from whom W. had received the money, is not admissible to establish the fact that S. had received the amount pledged by any one subscriber.

5. ———: WHERE AN ADMINISTRATOR IS A PARTY. A party is not disqualified as a witness by section 3639, of the Code, in an action to which an administrator is a party, when his testimony relates to no personal transactions or communications between him and the deceased.

6. **Parties**: PARTNERSHIP: ACTION. Where, upon the dissolution of a co-partnership, it was stipulated that all unsettled business should be entrusted to one of the partners, and by him arranged for their joint benefit in the same manner as if the firm had continued to exist, with power to execute all contracts, and perform all duties necessary to the settlement of its affairs: *Held*, that he could not maintain in his own name an action to recover a debt alleged to be due the firm.

*Appeal from Polk District Court.*

WEDNESDAY, SEPTEMBER 23.

ACTION IN CHANCERY. There was a decree rendered in the District Court, granting the relief prayed for in plaintiff's petition. Defendants appeal. The facts of the case fully appear in the opinion.

*Gatch, Wright & Runnells*, for appellants.

*Phillips & Phillips* and *J. M. St. John*, for appellees.

BECK, J.—On the 9th day of May, 1856, S. G. Keene, Jonathan Lyon, White & Hervey, with many other citizens of Des Moines, (then called Fort Des Moines,) entered into a written agreement, mutually binding themselves to loan the several sums of money set opposite to their respective names, for the purpose of being used in erecting and furnishing a spacious hotel to be kept in the town. For the purpose of carrying out the object of the parties to the instrument, which was to aid by a loan the erection of a hotel of the character contemplated, and thereby to induce a proper person to undertake the enterprise, it was provided therein that R. W. Sypher, B. F. Allen and Lovell White, be constituted and appointed the attorneys in fact of the subsbribers, with general powers to do all things that they themselves personally might do, pertaining to the object intended. They empowered their attorneys especially to make the loan contemplated to the full amount of the aggregate of their subscriptions, to any suitable person upon the terms named in the instrument, and to take such security therefor as to them should appear satisfactory. The attorneys were especially empowered to collect from the subscribers the several sums they were bound to pay, and apply the same as contemplated in the instrument.

The attorneys named in this instrument, upon the day of its execution, entered into a written contract with James C. Savery, to loan him the money subscribed for the purpose of building and furnishing a hotel as contemplated by the subscribers, agreeing to collect the same under the power conferred upon them. Savery obligated himself to build the hotel within a time specified, and repay the money loaned at a date and with interest named. The details of the agreement as to these matters need not be particularly stated. It was stipulated in this contract that White, one of the trustees for the subscribers to the loan, should act as the treasurer of the attorneys to whom Savery was to apply for money. In about

one year after the execution of the agreement, it was modified by the parties, but in the view we take of the case no question arises thereon; the modification need not therefore be stated.

On the same day this agreement was entered into, Savery executed to the trustees an instrument in the form of a promissory note, with conditions for the payment of the amount of money he should, under the arrangement, receive from them. A deed of trust was executed by him upon the town lots whereon the hotel was to be erected, to secure the payment of the money provided for in the instrument just mentioned. James W. Bradshaw was named therein as the trustee.

In 1860, Bradshaw died and the county judge, under authority conferred in the deed of trust, appointed Augustus Newton his successor, who, on the 12th day of September, 1860, upon the written request and statement of certain of the subscribers to the loan, executed to Savery a release of the deed of trust, and entered satisfaction thereof upon the record.

Plaintiff brings this action to recover from Savery the amount of the subscription alleged to have been paid by her intestate, and received by Savery, with interest thereon, according to the terms of the several instruments of writing above mentioned. She alleges performance on the part of the intestate in his life time by the payment of his subscription, and that the satisfaction and cancellation of the deed of trust were done without authority, and fraudulently, and are therefore void.

Pending the action, Wilson T. Smith and James Campbell intervened, each claiming as transferees of the claim and interest of subscribers to the loan. The grounds of the claim of each will be separately considered.

The plaintiff and intervenors each, as relief, ask that the release and satisfaction of the deed of trust be declared fraudulent and void, and be set aside; that judgments be rendered in their favor respectively for the amount of the subscription and interest upon which each bases the claim set up in his respective pleadings.

We will proceed to consider the cause of action of each party separately.

### PLAINTIFF'S CAUSE OF ACTION.

The fact that plaintiff's intestate, Keene, was a subscriber to the loan, is not disputed. If his subscription was paid, and the money came into the hands of Savery, plaintiff's right to recover is not disputed. *Rice v. Savery*, 22 Iowa, 470. The only task imposed upon us is to determine whether it is shown by legal evidence that *his* subscription was paid to or received by Savery. The evidence upon which plaintiff claims to establish the fact of the receipt of the money, or its equivalent, by Savery from the subscription of Keene, is as follows:

As has already been stated, White, one of the trustees, was, under the agreement with Savery, to act as treasurer, to collect of the subscribers the amounts for which they were bound, and pay over the same to him. He, at the time, was a member of a banking firm transacting business in the town of Fort Des Moines, as it was called at the time. Before the termination of the transactions involved in this action, more than one change was made in the membership of the firm. Its style at one time was Maclot, Corbin & White, at another White & Smith, and probably another change, indicating other parties concerned, was made in the name. The business of these different firms was recorded in the same books; that is, the books of the banking firm first used were continued by its various successors. White, as treasurer of the trustees, appears to have kept no separate account showing the payment of the trust money to Savery, or to any other person. But Savery had an account in the bank, and upon this account the money received upon the subscriptions and paid out to him was entered. He is credited therein with various sums received from subscribers and others. More than one item is entered as " cash," or " deposit," without specifying from what source it was obtained.

The debit side of this account shows the payment of a large number of checks drawn by Savery to various persons, many of them to the subscribers to the loan, and, in some instances, for the identical sum with which he is credited as having been paid by these very persons, and in these cases the credit and

debit bear the same date. This side of the account has more than one entry of cash and of checks, without specifying to whom payment was made.

We think this account is not competent evidence to establish the indebtedness of defendant. Entries in books of account, *1. EVIDENCE:* made by third persons, are admissible in evidence *books of account.* when it is shown that the party making them is dead, and that the entries were against his interest. Neither fact appears in this case. It is not shown that White is dead, and it very clearly appears that the charges in the account were not against, but in accord with, his interest. The entries to the credit of Savery may be regarded as against the interest of White, but those to his debit were clearly in his favor, or they would tend to release him of liability, if any force be given to them. The fact that White was charged with the duty of receiving money from the subscribers and paying it over to Savery, does not take the case out of the rule. He became liable upon receiving the money; payment to Savery discharged him from such liability. The entries in the account which tend to show Savery's liability with equal force relieve White of liability. They are therefore not against his interest.

But it is insisted that these entries are admissible on the ground that they are a part of the *res gestæ*, or contempora- *2. ———: ———:* neous with the principal fact done. It is true *res gestæ.* that an entry that is of the *res gestæ* and is contemporaneous with the principal fact done is admissible. But the rule is not applicable to the facts before us. The principal fact done was the payment to Savery of the money in controversy. This is the very transaction itself upon which defendants' liability is based. It cannot be said that this fact is of the *res gestæ* or contemporaneous with itself. If the entry related only to circumstances connected with the payment, to time or manner thereof, the rule might be applicable. But when it covers the whole transaction and leaves nothing else to be proved in order to make it complete, it is obvious that it is not admissible under the rule referred to.

II. The trustees issued to the subscribers writings in the

nature of certificates of paid up stock in the loan, which

*3. ———: certificates of stock.*

showed the payment thereof, with the amount and date when made. Such a certificate was issued to Keene. This cannot be regarded as evidence against Savery, for he was no party to it, and it is not shown that the certificate was issued with his knowledge or consent. There was no contract or arrangement between Savery and the trustees, whereby they were empowered to issue such a paper, which would be binding upon him. It is of the same character as' the entries in the bank books above referred to, and while it may be regarded as an admission of the trustees, it is not so against their interest that it can be used as evidence against third persons. Certain receipts were given by White to Keene, showing payments made by him. They are incompetent evidence for the same reasons.

III. A receipt signed by Savery acknowledging that White, as treasurer, had paid to him the sum of over $26,000

*4. ———: receipt.*

on account of the loan, is claimed to establish the fact that he received this amount of Keene's subscription. It is difficult to see in what light this instrument may be regarded as evidence that Keene paid one cent which came into the hands of Savery. It does not specify from whom the money covered by it was received by White. The subscription was for an amount much in excess of the sum receipted for, but should it be regarded as concluding Savery as to the fact that he received the amount of money named, yet it is not evidence that any part of the money was paid to White by Keene.

While regarding this receipt and the bank books above referred to as incompetent evidence to establish Savery's indebtedness, facts are disclosed by this evidence which vindicate the wisdom of the rule of law excluding them. It is very conclusively shown that more than one of the subscribers to the loan did not, in fact, pay one cent to the treasurer, yet the book account shows payments made by them which are included in the receipt signed by Savery. . Some of these may have made payments directly to Savery in property; others, we have no doubt, paid nothing. Savery testifies that

Keene was one of this number, and that he received nothing from him through White on his subscription. His testimony is not contradicted. Nor is the fact of payment by Keene to him, or that he received from White money paid by Keene, shown by the direct evidence of a single witness. White is living, and his evidence would have settled this controversy of fact, yet plaintiff fails to produce it. The evidence under consideration, upon which plaintiff's claim is attempted to be supported, is not only in conflict with the rules of law, but, if received, would not overcome the adverse proof and utterly fail to carry conviction to our minds.

We think that under Code, Section 3639, Savery is a competent witness to the fact that he received no part of Keene's subscription from White, as such testimony involves no personal transaction or communication between him and Keene.

5.———: where administrator is a party.

IV. There is evidence introduced as to other facts which, it is claimed, establishes defendant's liability. These are the indebtedness of Savery to Keene growing out of other transactions, the execution of a note or notes by Savery to Keene, the payment by Savery to Keene of a certain sum on the very day Keene is credited in Savery's bank account with a like sum, all of which are shown by the record in another action brought by plaintiff against defendant. This evidence, to our mind, fails to establish the conclusions drawn by plaintiff's counsel.

We conclude that the evidence before us is not sufficient to support plaintiff's claim for relief, made in her petition; it is therefore dismissed.

### INTERVENOR CAMPBELL'S CAUSE OF ACTION.

V. In addition to the bank books and a certificate of the same character as the one issued by the trustees to Keene above described, other evidence was introduced to support Campbell's right of recovery. It is shown that he is the transferee of one Lyon who was a subscriber to the loan. Lyon testifies to the payment made by himself to Savery, but in all material particulars he is directly contradicted by the testimony of Savery. The bank books and certificate are just as inadmissi-

ble in Campbell's behalf as they are in plaintiff's. There is no question made as to the competency of Savery to testify in his own behalf upon the claims made by the intervenors; it is to be determined upon the oral testimony of the parties and such other legal evidence as was submitted to the District Court. Upon the oral evidence alone there is not such a preponderance in favor of Campbell as will authorize a judgment in his behalf. Lyon testifies positively to the payment; he is not corroborated by other competent evidence. Savery as positively denies having received any part of Lyon's subscription. Considering the interest of each witness, the accuracy of the memory displayed by each, and other matters affecting their credibility, we are not prepared to say that Lyon's testimony is entitled to greater weight than Savery's. In this view the intervenor has failed to support his case by a preponderance of evidence and cannot recover.

But there is evidence before us which, to our minds, defeats all right of recovery by Lyon or his assigns. Before the transfer of the claim to Campbell, Lyon joined other subscribers to the loan in the execution of a release purporting to be upon sufficient consideration, discharging Savery " from all claim and demand, debt or contract, for, or on account" of, the contracts above stated. This instrument, unless impeached for want of consideration (its execution is not denied), will bar any right of recovery on the claim of Lyon assigned to Campbell. It is claimed by Campbell that it was given without consideration, and Lyon's testimony is to that effect, but here again he is contradicted by Savery whose testimony supports the sufficiency of the consideration of the instrument. The intervenor fails to establish by a preponderance of evidence the invalidity of the release.

The petition of the intervenor Campbell is also dismissed.

INTERVENOR SMITH'S CAUSE OF ACTION.

VI. The subscriptions upon which Smith's claim is based were made by White & Hervey and Lovell White. The claim arising thereon became the property of White & Smith, a firm

of which intervenor Smith was a member. This firm was dissolved in 1858, and Smith was left in charge of all the partnership assets with power to dispose of them and apply the proceeds to the partnership debts. All losses and profits were to be properly entered upon the books of the firm and the rights and equities of the partners were in no way to be affected by the dissolution. The firm was to exist as to all unsettled business and Smith was to have authority to execute all contracts and do all things necessary in closing up its business. The certificates were passed over to Lovell White and to White & Smith, and were indorsed in blank in the name of the party to whom they were respectively issued. The evidence of Smith fails to show any transfer to himself, and it clearly appears that the claims are held by him as a part of the partnership assets. Of this there can be no doubt. The property in these claims being in the firm of White & Smith, they are the real parties in interest, and an action against defendant cannot be prosecuted in the name of one of the partners. This proposition of law will not be denied; the fact just stated to which it is applied is, to our minds, clearly and satisfactorily established. This view of the case renders the discussion of the evidence as to the payment made by White and White & Smith unnecessary.

Smith's petition of intervention is dismissed. It will be of course without prejudice to any claim or action by White & Smith.

The foregoing discussion disposes of all points arising in the case which we are required to determine upon this appeal.

REVERSED.