Thomas J. McKeen *vs*. Providence County Savings Bank.

PROVIDENCE—DECEMBER 18, 1902.

Present : Stiness, C. J., Rogers and Douglas, JJ.

(1) *Principal and Agent. Credit to Agent of Disclosed Principal.*

The fact that on his books plaintiff first charged the items of work to the agent instead of to the principal is not conclusive of the fact that plaintiff gave credit exclusively to the agent.

(2) *Estoppel. Principal and Agent.*

Defendant received of its agent, as a voucher to his account, a bill for work performed by plaintiff, receipted by the agent in the name of the plaintiff. This sum was credited to the agent, and the balance due from him so much reduced. No settlement by payment of this balance by the agent to the defendant was made. Upon an action by plaintiff against defendant to recover the value of the work :—

*Held*, that plaintiff was not estopped to maintain the action by delay in requiring payment from the defendant, the plaintiff not being responsible for the misstatements of defendant's agent.

(3) *Evidence. Shop Books. Entries against Interest. Res gestœ.*

Defendant expected to prove by A., its agent, that a certain bill in controversy between defendant and plaintiff had been paid. A. was absent out of the State. Plaintiff admitted that, if present, he would testify as expected by defendant. In further support defendant offered the books of account of A., a real estate agent, over whose books defendant had no control :—

*Held*, that the books were not admissible as shop books of defendant kept by its agent.

*Held*, further, that the books were not admissible as entries against interest by a third party.

*Held*, further, that the books were not admissible as the contemporaneous record of facts forming part of the *res gestœ*, in which the principal fact in issue occurred, made by one not interested in the principal fact.

*Held*, further, that, under the circumstances of the case, the books could not be considered as memoranda to refresh the memory of A.

*Held*, further, that the books were properly rejected.

Assumpsit. Heard on petition of defendant for new trial, and petition denied.

Douglas, J. This action was brought to recover for certain plumbing work done by the plaintiff on several buildings

owned by the defendant. There is no disagreement about the performance of the work or the price; the only question is whether the defendant is liable to pay for it. Both parties agree that the work was let to the plaintiff, under contract, through one J. D. Furlong acting as agent for the defendant; that the plaintiff knew that Furlong was acting in this matter as agent and that the defendant was his principal. The plaintiff claims that he charged the account to defendant as principal, and treated Furlong only as agent for defendant.

The defendant claims, first, that credit was given by the plaintiff to Furlong alone; secondly, that the defendant settled its account with Furlong and credited him with the payment of this bill, and the plaintiff, knowing the relations of the parties, has so conducted himself as to estop him from claiming payment of the defendant; and, lastly, that Furlong has paid the plaintiff this bill.

The jury returned a verdict for the plaintiff for $471.81, the amount claimed, and also found specially "that at the time the work in question was done the plaintiff did not give credit exclusively to Furlong."

The defendant prays for a new trial on the grounds:

1.    That the verdict is against the law and the evidence.

2.    That certain evidence tending to show payment by Furlong was erroneously excluded by the court.

3.    That the verdict is excessive.

The latter ground is not insisted upon at this hearing.

(1)    The first question for consideration is one of fact, viz.: Whether the plaintiff gave credit to the defendant or to the defendant's agent exclusively. Upon a consideration of all the circumstances of the case, we cannot say certainly that the jury erred in deciding this question. It was properly left to them to decide. *Whitney* v. *Wyman*, 101 U. S. 392; *Meeker* v. *Claghorn*, 44 N. Y. 349; *Hovey* v. *Pitcher*, 13 Mo. 191.

It appears that Furlong was the agent of several property owners, and was in the habit of attending to work done upon

their several estates, and in this capacity engaged the plaintiff to do the work in question.

The plaintiff knew that the defendant was the owner of the premises, and supposed, as was the fact, that Furlong was its agent, duly authorized to procure the work to be done.  He testifies that he intended to hold the defendant, and not Furlong, as his debtor.  Against this statement is the evidence of Furlong that the plaintiff gave credit to him and not to the defendant, and the fact that in the plaintiff's journal, which we consider to be shown by the book itself, he first charged the items of the work to J. D. Furlong & Co., and afterwards added to the entry the abbreviation " Agts.," and interlined the words " Prov. County Savings Bank ; " also that he made persistent efforts to collect the bill of Furlong, and only presented it to the defendant when these efforts proved fruitless. All these circumstances combine to throw great doubt upon the plaintiff's claim, but we cannot say that they conclusively overthrow. his testimony, corroborated by the presumption that he would naturally retain his valid claim against a perfectly responsible debtor rather than abandon his right and take the agent as his debtor alone.

The changes in his book were evidently an afterthought, and very seriously impugn his veracity ; but the book amounts to little more than a memorandum, and he may have considered it proper enough to correct the entries which were carelessly made in the first instance.  If he had thus explained his action he would have been more worthy of credence than when he testifies that the additions were made when the entries were.  Still, omitting the amendments entirely, we only have the fact that the book account stands charged against the agent and not against the principal, and this is not conclusive of the fact in issue.

It is said by Earl, J., in *Meeker* v. *Claghorn, supra :* " The evidence should be quite clear that the vendors gave exclusive credit to the agent of known principals, before we can hold the principals exempt from liability.  In all cases where the principals seek exemption upon the ground that the credit was exclusively given to their agents, this should clearly ap-

pear, and they have the affirmative to show it; the natural presumption being in all cases that credit is given to the principal rather than to the agent.   It is sufficient to say upon this branch of the case, that there is no conclusive evidence that the credit was given by the vendors exclusively to the agent and that they intended to look to him solely for their pay.   It is true that upon the ledger and day-book of the vendors the articles were charged to Shell, and while this furnishes strong evidence that they were furnished upon his credit it does not show it conclusively.   The plaintiff gave some explanation tending to weaken the effect of this evidence, and its weight under all the circumstances of the case was for the referee."   To the same effect see *Guest* v. *Burlington Opera House Company,* 74 Ia. 457.

(2)   The next claim of the defendant is that the plaintiff ought not to recover in this action, because his delay in presenting his bill induced the defendant to credit the agent with the amount of it in the settlement of his account.   As a matter of fact, the defendant received of its agent, as a voucher to his account, a bill for this work receipted by the agent in the name of the plaintiff.   Without inspection of the voucher the sum was credited to him, and the balance due from him so much reduced.   It does not appear that any actual settlement, by the payment of this balance to the defendant, has ever taken place ; and if so, it is clear that, as the defendant is not bound by the statement of balance predicated upon the misrepresentation of the agent, it has only been drawn into a paper settlement which can be revoked at its pleasure, and has suffered no real damage.   But if the settlement had been made by the payment of the balance found, we do not see how the mere delay of the plaintiff to require payment can bar his action now.   What misled the defendant was the misrepresentation of its own agent, for which the plaintiff is not responsible.   It is not true that the defendant thought it was not the debtor, but that it believed the statement of Furlong that the bill was paid.

The cases cited by defendant do not support the proposition it contends for.

*Kymer* v. *Sowercropp*, 1 Campb. 109, holds that an undisclosed principal who has settled with his broker is liable to a vendor of goods bought by the broker if the vendor makes demand on the principal in due season, or, in the case cited, before the stipulated day of payment.

*Smethurst* v. *Mitchell*, 1 El. & El. 622, was likewise the case of an undisclosed principal whom the court held might be made liable if the plaintiff, within a reasonable time after discovering him, elected to proceed against him, but who would be discharged of all liability if the plaintiff lay by an unreasonable time and thereby induced him to alter for the worse his position toward the agent.

Neither case concerns the condition of liability of a principal known to be such and to whom credit is originally given.

(3)    The last claim upon which the defendant insists arises as follows : Defendant expected to prove by Furlong, among other things, that he had paid this bill.    At the time of the trial Furlong was absent out of the State.    The plaintiff admitted that, if present, he would testify as expected by the defendant.    In further support of this defence defendant offered the books of account of Furlong, which were admitted to be genuine and kept in the ordinary course of his business.    Plaintiff objected to them as irrelevant, and, the objection being sustained, defendant duly excepted.    He now argues that these books were admissible as the shop books of the defendant, kept by its clerk or agent, or as the books of a third party kept in the regular course of business, or to refresh the memory of Furlong.    As the books are described, it is very evident that they were in no sense the books of the bank.    Furlong was a real estate agent, and set down in his books debits and credits relating to that business involving, no doubt, mention of his transactions with the defendant as well as with other customers.    The defendant had no power or right to make or direct entries therein.    The case cited by defendant, *Dow* v. *Sawyer*, 29 Me. 119, seems, at first sight, directly in point, but on close analysis is seen to differ materially from the case at bar.    The book there under consideration was a memorandum book kept by defendant's agent to

record payments made by him on account of defendant for work done on defendant's mill. He seems to have been a superintendent and paymaster for the defendant. After the death of the agent the book was admitted in evidence. It is not quite clear, from the opinion of the court, whether the book was considered to be the defendant's book, kept by its agent, or the book of a third party who was dead, and who had no apparent motive to pervert the facts recorded. As the book appeared to contain nothing but entries relating to defendant's business, it might well have been considered to be the defendant's book, and so admitted. If it were admitted as the book of a third party, we should differ from the learned court as to its admissibility.

The rule as to the admissibility of the books of third parties is not very clearly stated by the text writers or the courts. Without attempting to reduce the conflicting decisions to uniformity, it may be said that two general grounds of admissibility of such documents are usually referred to. Either the entry is one made against his interest by a third person who has deceased or who is beyond the reach of oral examination, or it is the contemporaneous record of a fact which forms part of the *res gestœ* in which the principal fact in issue occurred made by a person not interested in the principal fact.

"There are two classes of admissible entries," says Professor Greenleaf, "between which is a clear distinction in regard to the principle on which they are received in evidence. The one class consists of entries made against the interest of the party making them ; and these derive their admissibility from this circumstance alone : It is therefore not material when they were made. The testimony of the party who made them would be the best evidence of the fact ; but if he is dead the entry of the fact made by him in the ordinary course of his business and against his interest is received as secondary evidence in a controversy between third persons.

"The other class of entries consists of those which constitute parts of a chain or combination of transactions between the parties, the proof of one raising the presumption that another has taken place. Here the value of the entry, as evidence,

lies in this, that it was contemporaneous with the principal fact done, forming a link in the chain of events and being part of the *res gestæ.* It is not merely the declaration of the party, but it is a verbal contemporaneous act, belonging not necessarily indeed but ordinarily and naturally to the principal thing. It is on this ground that this latter class of entries is admitted ; and therefore it can make no difference, as to their admissibility, whether the party who made them be living or dead." 1 Greenl. Ev. 15th ed. § 120.

Neither ground exists for the admission of Furlong's books as those of a third party. Without insisting upon the fact that Furlong is in being and his deposition might have been taken, it is plain that an entry of the payment of money by him to the plaintiff is not an entry against his interest, and so the case does not come under the first branch of the rule ; and it is equally clear that the payment of this bill to the plaintiff is the principal fact alleged in this defence, and not a contemporaneous fact leading up to the main issue.

These distinctions are very clearly brought out in the case of *Sypher* v. *Savary,* 39 Ia. 258, 262. In that case it became important to show the payment of a certain sum of money from Keene to Savary. It was alleged that this payment was made to White on Savary's account, and White's books were offered to prove the fact. The court says : " We think the account is not competent evidence to establish the indebtedness of defendant. Entries in books of account made by third persons are admissible in evidence when it is shown that the party making them is dead and that the entries were against his interest. Neither fact appears in this case. It is not shown that White is dead, and it very clearly appears that the charges in the account were not against but in accord with his interest. The entries to the credit of Savary may be regarded as against the interest of White, but those to his debit were clearly in his favor, or they would tend to release him from liability if any force be given to them. The fact that White was charged with the duty of receiving money from the subscribers and paying it over to Savary does not make the case out of the rule. He became liable on receiving the

money ; payment to Savary discharged him of such liability. The entries in the account which tend to show Savary's liability with equal force relieve White of liability. They are therefore not against his interest.

"But it is insisted that these entries are admissible on the ground that they are a part of the *res gestœ*, or contemporaneous with the principal fact done. It is true that an entry that is of the *res gestœ* and is contemporaneous with the principal fact done is admissible. But the rule is not applicable to the fact before us. The principal fact done was the payment to Savary of the money in controversy. This is the very transaction itself upon which defendant's liability is based. It cannot be said that this fact is of the *res gestœ* or contemporaneous with itself. If the entry related only to circumstances connected with the payment, to time or manner thereof, the rule might be applicable. But when it covers the whole transaction and leaves nothing else to be proved in order to make it complete, it is obvious that it is not admissible under the rule referred to."

(4)    It is contended, lastly, that Furlong's books would have been admissible as memoranda to refresh his memory as a witness. This is true, but has no application to the circumstances of the case. The books were not offered for that purpose, and could not be so long as Furlong was not a witness under examination. Books or papers used by a witness to refresh his memory do not become primary evidence unless the opposing party makes them so by cross-examination concerning the entries contained in them. The evidence of Furlong was before the court only by admission of the plaintiff as to what he would have sworn to. His evidence could not be extended beyond the demand of the defendant and the admission of the plaintiff. The defendant asked the plaintiff to admit that Furlong, if present, would have sworn to the fact of payment. If he had wished the plaintiff to admit that Furlong, with his memory refreshed by inspection of his books, would have sworn to the fact of payment, he should have made that demand on the plaintiff. Then the plaintiff might have examined the books and made them evidence to impeach

Furlong ; but unless this were done, the books would only be supposed to have been subjected to Furlong's examination as aids to his memory.   In the circumstances as they were, defendant's counsel had the opportunity of using the books to frame his statement of what Furlong's testimony would be, exactly as Furlong might have used them, before testifying, to make up the testimony he should give as a witness.

We cannot say, therefore, that the court erred in rejecting the defendant's offer of these books.

The petition must be denied, and the case remitted to the Common Pleas Division for judgment upon the verdict.

*John W. Hogan and Philip S. Knauer*, for plaintiff.

*John A. Tillinghast*, for defendant.