BIGELOW, Appellant, vs. SICKLES and another, Respondents.

*December 9, 1889 — January 7, 1890.*

*(1) Evidence: Husband and wife.  (2, 3) New trial: Newly discovered evidence: Cumulative evidence: Discretion.*

1. A divorced husband is a competent witness against his former wife as to facts which came to his knowledge during the marriage by means equally accessible to other persons, and not disclosed to him in conversations with her.

2. In an action for malicious prosecution for adultery, there was a motion for a new trial on the ground of newly discovered evidence. The complaint and warrant upon which the plaintiff had been arrested charged the adultery as having been committed in one place, and the newly discovered evidence tended to prove such offense, about the same time, in another place in the same county. *Held*, that such testimony was competent, and, the fact which it tended to prove not having been testified to at the trial, was not merely cumulative.

3. The granting of a new trial in this case is *held* not to have been an abuse of discretion.

APPEAL from the Circuit Court for *Jefferson* County. The following statement of the case was prepared by Mr. Justice CASSODAY:

It appears from the record that July 5, 1888, the defend-

ant Byron Z. Sickles made a complaint before H. T. AMES, a justice of the peace, residing in Deerfield, Dane county, Wisconsin, charging the plaintiff with having committed adultery in the town of Deerfield, with one Tony Hoover, on or about September 1, 1886; that said justice thereupon issued a warrant, and caused the arrest of the plaintiff, who was brought before him, and on examination she was discharged from custody; that thereupon this action for malicious prosecution of the plaintiff by the defendants, was commenced. The complaint charges, in the usual manner, the arrest mentioned and that the same was caused by the defendants maliciously and without probable cause. The defendant *Zachariah Sickles* denied all connection with the arrest, and the defendant *Byron Z. Sickles* denied all malice, and alleged that the arrest was caused in good faith. Upon the trial of that action, the jury returned a verdict in favor of the plaintiff, and against both of the defendants, for the sum of $1,500. Thereupon the defendants moved the court, upon the judge's minutes, and the affidavits of George M. Haas, John Z. Sickles, George Grimm, R. B. Curtland, and the two defendants, and the papers, pleadings, and proceedings in the action, to set aside the verdict and grant a new trial upon several grounds therein named. Upon the hearing of said motion it was ordered by the court that the motion to set aside the verdict and grant a new trial be, and the same was thereby, granted, upon the grounds of newly discovered evidence, upon the payment of costs of the term within ten days after the same should be taxed, and that said motion, upon all other grounds, be, and the same was thereby, overruled. The plaintiff appeals from so much of said order as sets aside said verdict and grants a new trial.

The affidavit of Haas tended to show that in the summer of 1886 the plaintiff committed adultery with one George Giddins, at Lake Mills, Jefferson county, Wisconsin. The affidavit of John Z. Sickles was to the effect that he was

married to the plaintiff, September 1, 1879, and was divorced from her in 1887 or 1888, and further tended to show that in the summer of 1886 he and his wife were at the house of said Haas; that she refused to go home with him, and remained there over night; that during the summer of 1886, and during the threshing season, he heard his wife with one Tony Hoover, in a closely covered stagewagon, standing in an alley adjacent to the residence of Mrs. George Robbins, in the village of Cambridge, Dane county, about the hours of 10 or 11 o'clock at night. The affidavits of the defendants were to the effect that, since the commencement of this action, they had been diligent and active in investigating the facts connected with, and which would be proper in, their defense; that they used all due diligence to properly defend the action; and that they never knew or learned, until after the trial of said action, that any of the facts or things set forth in the said affidavits of Haas and John Z. Sickles were known to said Haas or John Z., or that the same could be proven by them, or either of them, or any other person.

For the appellant there was a brief by *Rogers & Hall,* and a supplemental brief by *Rogers & Hall,* attorneys, and *Geo. W. Bird,* of counsel, and the cause was argued orally by *F. W. Hall* and *Geo. W. Bird.*

*R. B. Kirkland,* for the respondents.


CASSODAY, J.   The plaintiff was formerly the wife of the proposed witness, John Z. Sickles. They were divorced prior to the trial in question. Notwithstanding such former relation, there seems to be no doubt but what John Z. is a competent witness against the plaintiff, as to such facts as came to his knowledge during such marriage by means equally accessible to other persons, and not disclosed to him in conversations with her. 1 Greenl. Ev. § 254; 1 Whart. Ev. § 429; *Crook v. Henry,* 25 Wis. 569; *Coffin v. Jones,* 13 Pick. 441. The mere fact that the complaint and warrant

upon which the plaintiff was arrested charged the adultery as having been committed in the town of Deerfield, and the newly discovered evidence tends to prove such offense, about the same time, in the village of Cambridge, both being in Dane county, does not render it incompetent. It is claimed that such newly discovered evidence is merely cumulative. It was held by this court, several years ago, that "testimony is not merely cumulative when it tends to prove a distinct fact, not testified to at the trial, although other evidence may have been introduced by the moving party tending to support the same ground or claim or defense to which such fact is pertinent." *Wilson v. Plank*, 41 Wis. 94. That rule has frequently since been sanctioned, and even at the present term. *Goldsworthy v. Linden, ante*, p. 24, and cases there cited. In that case the judgment was reversed because the trial court refused to grant a new trial upon newly discovered evidence as to admissions of the plaintiff. It would certainly be a much greater stretch of appellate authority to reverse the order in the present case. Within the rule suggested we must hold that the new evidence proposed to be given by John Z. Sickles is not merely accumulative.

The only doubt we have entertained in this case is as to whether the moving papers disclose sufficient diligence to discover the new evidence before the trial, or to prove the same facts by other evidence. But it is to be remembered that, although the motion for a new trial was granted upon the sole ground of newly discovered evidence, yet that such motion, even upon that ground, was based in part upon the judge's minutes and the proceedings in the action, and was therefore very much in the discretion of the trial court. *Smith v. Champagne*, 72 Wis. 480; *Smith v. Grover*, 74 Wis. 174. We find nothing in the record to indicate any abuse of such discretion.

*By the Court.*— That portion of the order appealed from is affirmed.