FARMERS & TRADERS BANK, Appellee, v. ELIZA
CREVELING, Administratrix, Appellant.

1. **Estates of Decedents:** PROOF OF CLAIMS: LIMITATIONS. Pro-
ceedings in the district court for the establishment of a claim against
the estate of a decedent is not such a pendency of the claim in the
district court as will excuse the proof of the claim against the estate
within twelve months after notice of administration, as provided by
section 2421 of the Code.

2. **Evidence:** TRANSACTIONS WITH DECEDENTS. In an action upon
certain promissory notes, made by a person deceased at the time of
the commencement of the action, to a co-partnership, *held*, that a
member of the firm was properly permitted to testify that the deceased
was owing the firm before the notes were given, and that the notes in
suit were for money loaned in fact by a third person.

*Appeal from Decatur District Court.*—HON. R. C.
HENRY, Judge.

TUESDAY, FEBRUARY 9, 1892.

ACTION in probate to establish a claim upon a
promissory note. The claim was allowed, and the
defendant appeals.—*Reversed.*

*Marion F. Stookey,* for appellant.

*R. L. Parish,* for appellee.

GRANGER, J.—On the second day of March, 1887,
the plaintiff bank filed in the office of the clerk of the
district court of Decatur county its claim to recover
against the estate of C. Creveling on four promissory
notes, aggregating, with accumulated interest, sixty-
five hundred and forty dollars. The defendant is the
administratrix of the estate, and she filed an answer,
and the cause was continued from term to term until
April 1, 1889, when the administratrix filed an amend-
ment to her answer in which she claims that the action
is barred because of a failure to file and prove the claim

"within twelve months of the giving of the notice" of the appointment of the administratrix. The notice of the appointment was given April 22, 1886, and hence the filing was within the time; but, upon the face of the answer, it appears that it was not proved within the time, and no equitable circumstances are interposed to take the case out of the operation of the statute. On motion of the plaintiff, the amendment to the answer was stricken from the files as presenting immaterial and irrelevant matter constituting no defense to the claim. The manner of assailing the pleading is not questioned to us.

I. The ground, as we understand it, upon which the district court based its action in sustaining the motion, is that the claim was pending in the district court. The statute is (Code, section 2421:) "All claims of the fourth of the above classes, not filed and proved within twelve months of the giving of notice aforesaid, are forever barred, unless the claim is pending in the district or supreme court, unless peculiar circumstances entitle the claimant to equitable relief." The question thus presented is important as pertaining to the settlement of estates. The provision has been a part of the law of the state, except a change of the time from eighteen to twelve months, from its early history, and has been regarded in practice at least as an important and necessary provision to the timely disposition of probate settlements. It had its origin when probate jurisdiction devolved on the county court, and was continued as the law when such jurisdiction was transferred to, and exclusively vested in, the circuit court. It is without dispute that, with the law as it was before the abolishment of the circuit court, and the transfer of probate jurisdiction to the district court, the claim in this case would be barred. The question is to be determined then upon the effect to be given to the law making the transfer of jurisdiction in probate matters

1. ESTATES of decedents: proof of claims: limitations.

from the circuit to the district court. With the law as it was before the transfer of jurisdiction, a claimant was excused from filing, and of course from proving, his claim in probate, if it was pending in the district or supreme court. It is quite important to have this thought or fact well in mind, as it is essential to a proper conclusion, i. e., the fact of the pendency of the claim in the district or supreme court excused the filing in the probate court, then the circuit court. It was plainly the spirit as well as the letter of the exception to the rule for filing and proving that the claim need not be pending in two courts at the same time. Nothing in the exception at that time in any way affected the obligation of a party to prosecute his claim whenever it might be pending, under the legal rules applicable thereto. It could not be claimed with reason but that, under the present law, the claim must be filed within the statutuory period, for without the filing it could not be pending in the district court; hence we are left to alone consider the effect of the change of probate jurisdiction from one court to another on the obligation for proving claims after they are filed.

What we have just said of course refers to proceedings in probate like the one at bar, and not to other proceedings in the district court. We search in vain for any language of the law making the change of jurisdiction, that where the claim must be filed within the period to avoid the bar of the statute, that defeats the statute as to the time for proving the claim. Take the case at bar, and assume as correct the position of the appellee that the claim was pending in the district court because that court, by the act transferring the jurisdiction of the circuit court to it, has exclusive jurisdiction in such matters, and we have this state of the law: The section (2421) provides that the claim must be filed and proved within twelve months, unless it is pending in the district or supreme court. Before filing, the rule is that it must be both filed and proved

within the specified time, because then there is no fact of pendency to make it an exception. The claimant files it and then says: "Now, I need not prove it, for it is pending in the district court." It is too manifest to admit of doubt that such was not the legislative intent. The history of the legislation on this subject enables us to see its purpose and give effect thereto. The law contemplates that suits may be pending in the district or supreme courts involving claims against an estate which, but for such pendency, should be filed and proved in the probate court. Such a pendency in the district court means pending on the law or equity side thereof, as distinct from its probate jurisdiction, where the estate is to be settled, or it may be in the district court of another county. Code, section 2416, provides: "Suits pending against the decedent at the time of his death may be prosecuted to judgment, his executor being substituted as defendant, and such judgment shall be placed in the catalogue of established claims, but shall not be a lien." This section affords an instance of the proper application and purpose of the law, and is of such a relation to section 2421 that the two should be construed together. Thus understood, effect is given to all the language of the law and its original and salutary purpose preserved. The effect of the other holding would be to strike from the section the words "and proved," which the legislature neglected to do in express terms, and we do not think such a result should follow by implication. Our judgment is that the clause in section 2421 as to the district or supreme court has no application to a claim filed in the probate court against the estate, and that the court erred in striking the amendment from the answer.

II. The Farmers & Traders Bank is a firm, and L. P. Sigler is a member thereof. The original answer to the claim presented issues that were tried by a jury, and on the trial L. P. Sigler was called as a witness for the

2. EVIDENCE: transactions with decedents.

plaintiff, and, after stating his relationship to the plaintiff as a member of the firm, he gave the following testimony:

"*Q.* Before these notes were executed, what do you say about Wiley and Creveling owing the bank some money? (Objected to as incompetent and immaterial. Overruled, and defendant excepts.) *A.* Yes, sir; they owed the bank something—from two to four thousand dollars.

"*Q.* Now, you may state what arrangement, if any, you made with D. S. Sigler, of Corning, with reference to procuring money to take up these notes. (Objected to as immaterial and incompetent. Overruled. Exception.)

"*Q.* Whose money was it that was loaned when these notes were made? (Same objection; and witness incompetent.) *A.* D. S. Sigler's. D. S. Sigler is my brother, of Corning, and a banker. I heard the testimony of John Wiley. I remember the circumstance of the time. The exhibits introduced in evidence are in my writing. I made the copies. I heard Mr. Wiley's testimony."

This testimony was admitted against the objection of the defendant, and it is urged that it is incompetent, under Code, section 3639. We think the district court was not in error in this respect. It is true Sigler was an interested party, but that does not bring him within the prohibition of the section. His testimony must have been in regard to a "personal transaction or communication between such witness and a person at the commencement of such examination deceased." *Sypher v. Savery,* 39 Iowa, 258; *Haverly v. Alcott,* 57 Iowa, 171. The testimony given was not as to personal transactions or communications with the deceased. There are no other questions presented likely to arise on another trial. Because of the error suggested the judgment is REVERSED.