Brown vs. Johnson.

BARDEEN, J., took no part.

BROWN, Administrator, Respondent, vs. JOHNSON, Appellant.

*December 16, 1898 — January 10, 1899.*

*Witnesses: Husband and wife: Confidential communications: Transaction with person since deceased: Waiver.*

1. In an action by the administrator of a deceased wife to recover securities which the defendant claims were given to her by the deceased ten days before her death, the surviving husband is com-

petent as a witness to testify that he saw the securities in question in a box in the room occupied by himself and the deceased on the day before her death, since his knowledge was not acquired by any confidential or private communication from his wife.

2. To avail on appeal, the objection that the testimony offered relates to a personal transaction with a person since deceased must have been taken at the trial.

APPEAL from a judgment of the circuit court for Burnett county: A. J. VINJE, Circuit Judge. *Affirmed.*

This is an action brought by the plaintiff, as administrator of the estate of Ann Eliza Huber, deceased, to recover possession of three certificates of deposit issued by the Bank of Ellsworth, March 30, 1894, for $400 each, and two promissory notes owned by the deceased, one for $50 and one for $300. On the trial the plaintiff contended that the securities in question belonged to the estate of the deceased, and were in her possession at the time of her death, and were taken and carried away by the defendant shortly after the death of the intestate. The defendant, however, claims that she received them as a gift from the intestate about ten days prior to her death. The jury returned a verdict for the plaintiff, and judgment was rendered upon such verdict for the return of the property, with damages and costs, from which judgment the defendant appeals.

For the appellant there was a brief by *John A. Larimore* and *Charles B. Marvin*, and oral argument by *Mr. Larimore*.

For the respondent there was a brief by *A. Combacker* and *J. W. Hancock*, and oral argument by *Mr. Hancock*.

WINSLOW, J. There is but one serious question in this case, and that is as to the admissibility of the evidence of Adam Huber, the husband of the deceased, Ann Eliza Huber. He was produced as a witness for the plaintiff administrator, and gave testimony to the effect that he saw the securities in a box in the bed chamber occupied by himself and the deceased on the day prior to her death, and also on the morn-

ing following. This testimony was objected to by the defendant on the ground that the witness was incompetent to testify, because he was the husband of the deceased. The objection was overruled, and he gave the testimony referred to above, and upon it the plaintiff's case depends. We think it clear that the testimony was rightly admitted. The rule is familiar that, where the relation of husband and wife exists, neither the husband nor wife can be sworn either for or against the other, save in certain specified instances which it is unnecessary to now enumerate. It is equally well established that when the relation of coverture has ceased, either from divorce or death, either party is a competent witness as to such facts as came to his or her knowledge during coverture, even in presence of the other, if it be not by a communication from the other which is confidential or private in its nature. *Crook v. Henry*, 25 Wis. 569; *Bigelow v. Sickles*, 75 Wis. 427. Such last-named communications are still preserved inviolate on the ground of public policy, but the rule goes no further. *Williams v. Baldwin*, 7 Vt. 503; *McGuire v. Maloney*, 1 B. Mon. 224. If the husband saw the securities in question in a box in his residence, even in his wife's presence, it was a fact which he might testify to, because his knowledge was not acquired by any confidential or private communication from his wife. There was no confidence reposed in him by the wife by reason of the marital relation, and this seems to be the test.

It was suggested, also, that Huber's testimony was improperly admitted because it detailed a transaction with a deceased person, and hence was inadmissible, under sec. 4069, R. S. 1878. As to this point it is sufficient to say that no objection upon this ground was made upon the trial.

Other objections and exceptions were taken to certain rulings on testimony, but they were not seriously relied on, and upon examination we have not found any of them well taken, nor of sufficient importance to discuss.

*By the Court.*— Judgment affirmed.