MORGAN, Appellant, vs. HENRY, Executor, Respondent.

*May 16—June 19, 1902.*

*Witnesses: Transactions with person since deceased.*

Sec. 4069, Stats. 1898, prohibiting a party from being examined as
a witness in respect to a transaction or communication by him
personally with a deceased person in certain circumstances and
with certain exceptions, includes any communication or trans-
action between a third person and such deceased person in the
presence of such party, participated in by the latter, the third
person being only a medium of communication between such
party and such deceased person.

[Syllabus by MARSHALL, J.]

APPEAL from a judgment of the circuit court for Buffalo county: JOHN K. PARISH, Judge. *Affirmed.*

Action against the estate of Robert Henry, who died in 1899. March 14, 1900, plaintiff, the deceased's daughter, filed her claim, in the county court for Buffalo county, for $1,825. She alleged that it was a balance of principal and interest for money deposited with her father, to be loaned, at various times commencing in 1870 and ending in 1878. Subsequent to the filing of the claim a bill of particulars was filed, acknowledging payment of $500 as of December 8, 1881, leaving the balance due somewhat larger than that claimed in the original proof. The executor, by answer, objected to the claim, put the claimant to her proof as to each and every item thereof, and pleaded the statute of limitations, particularly sec. 4222, Stats. 1898. The issues thus formed were decided in the county court against the claimant, and she appealed to the circuit court. On the trial there the proof in support of the claim consisted of the evidence of several persons as to the deceased loaning $400 in 1877 or 1878, stating at the time that it was his daughter's money; the evidence of one witness that he saw the claimant give deceased money she earned in 1873 teaching school; the evidence of a witness as to Mr. Henry acknowledging in 1890 or 1891 that he had his daughter's money for investment; and the evidence of the claimant that she gave the various sums of money mentioned in her bill of particulars, at about the times therein mentioned, to her mother, to be deposited with her father, all three being present on each occasion, and that she saw her mother hand the money to her father.

At the close of claimant's evidence the court on motion of defendant's counsel directed a verdict in his favor. Judgment for costs was rendered accordingly, and the claimant appealed.

For the appellant there was a brief by *Vesper Morgan,*

attorney, and *S. G. Gilman,* of counsel, and oral argument by *Mr. Gilman.*

*Theo. Buchler* and *Edward Lees,* for the respondent.

MARSHALL, J.　It will be noticed from the statement that, except as to $400, there is no evidence in the record to establish the amount of appellant's claim other than her own, and that she acknowledged payment of a sufficient sum to cover such amount with interest.　Her evidence was objected to under sec. 4069, Stats. 1898, which provides that

"No party . . . shall be examined as a witness in respect to any transaction or communication by him personally with a deceased person . . . in any civil action or proceeding in which the opposite party derives his title, or sustains his liability, to the cause of action from, through or under such deceased person, . . . unless such opposite party shall first be examined or examine some other witness in his behalf concerning some transaction or communication between the deceased . . . and such party, . . . or unless the testimony of such deceased person given in his lifetime . . . be first read or given in evidence by the opposite party; and then . . . only in respect to such transaction or communication of which testimony is so given or to the matters to which such testimony relates."

It is conceded that the door was not opened here, by any proceeding on the part of respondent, to permit appellant to testify, and that her evidence, if it related to transactions or communications with the deceased personally, was improperly received.

It seems that appellant started out in the trial to testify directly to personal transactions with her father, but met with the bar of the statute.　At that point a question was asked of her by the trial judge, suggesting the idea that if, in depositing money with her father, she used the hand of a third person, though all concerned in the affair were present, she might testify to the transaction.　Upon that suggestion

being made, she promptly testified that in each instance when
money passed from her to her father it did so through the
medium of her mother, all being present on each occasion
from the time the money left her hand till it reached that of
her father. The learned court seems to have supposed that
the intermediary in the transaction, though used as a mere
means of immediate transmission of the money from appel-
lant to her father, prevented the bar of the statute being
applied to exclude her evidence. This court ruled to the
contrary in *Brader v. Brader,* 110 Wis. 423, 85 N. W. 681.
Independently of authority, it would seem that,—since the
act of appellant in handing the money to her mother to be
instantly handed to her father must have been accompanied
by expressions of her wishes in the matter, either directly to
her father or to the mother to be in turn communicated to
him, she being a mere echo, as it were, of appellant,—it
would be a travesty upon the statute to say that the transac-
tion was not, to all intents and purposes, personal between
her and her father. The learned circuit judge, in overruling
the objections to her evidence, probably had in mind the rule
that a party circumstanced as she was may testify to a
transaction between the deceased and a third person (*Watts
v. Warren,* 108 N. C. 514, 13 S. E. 232; *Farmers' & T.
Bank v. Creveling,* 84 Iowa, 677, 51 N. W. 178), over-
looking the fact that such evidence is permitted only upon
the ground that the transaction is strictly personal between
the deceased and the third person; that the rule does not
apply where the party testifying participated in the trans-
action by words or acts or by presently influencing the com-
munications or transactions. *Brader v. Brader, supra.* Here,
according to appellant's testimony, she was an essential
factor in the transactions to which her evidence related. She
instructed her mother, in her father's presence, what to do
with the money as it was handed to the former, and she in-
structed her father, either directly or through her mother,

what she desired him to do with it. Everything the mother did must have been by way of carrying out the wishes of appellant manifested at the time and as a part of the transaction. Under those circumstances, as we have seen, the bar of the statute applies. The evidence of appellant should have been excluded. In that view no evidence was produced to establish her claim, and the verdict was properly directed.

*By the Court.*—The judgment is affirmed.