SCHULTZ, Respondent, vs. CULBERTSON, Executrix, Appellant.

*April 10—May 2, 1905.*

*Original pleading as evidence after amendment: Witnesses: Competency: Communications with persons since deceased: Husband and wife*

1. Defendant was substituted for her testator, pending an appeal from justice's court, and filed an amended answer. Plaintiff having introduced the original answer as an admission, the court excluded testimony of defendant's attorney that he filed such answer, neither signed nor verified by testator, without consulting with or information from him, but on information derived from others. *Held:*

    (1) If such evidence was tendered merely to show that such former answer was not receivable in evidence as an admission, the ruling was correct, since an answer filed by his authorized attorney, and adopted by the client by proceeding to and through a trial thereon, was an admission, conclusive only so long as the pleading remained unamended, but still evidentiary even after substitution of another.

    (2) For the purpose of showing the collateral circumstances under which the original pleading was framed—such as the deliberation and care with which made, the clearness of comprehension of the attorney and client, and the fulness of con-

sultation with and disclosure from the client,—the testimony offered was admissible and should have been received.

2. Under secs. 4069, 4072, Stats. 1898 (excluding testimony of a party as to transactions with a deceased person in certain cases, and prohibiting disclosure of confidential communications between husband and wife), a widow, who, as executrix, had been substituted as a party for her deceased husband in an action involving a contract made by him in his lifetime, is competent to testify to acts, conduct, or transactions had by deceased within her observation, if wholly unparticipated in and uninfluenced by her, and then testify as to her mental impression as to decedent's competency derived therefrom.

APPEAL from a judgment of the circuit court for Outagamie county: JOHN GOODLAND, Circuit Judge. *Reversed.*

Complaint alleged that plaintiff was, by virtue of contract with James Culbertson, the original defendant, the owner of certain stovewood and logs cut from and lying upon certain described lands, of the value of some $72, and that said Culbertson unlawfully converted the same. After trial in justice's court and appeal to circuit court, the original defendant died, and his executrix, being substituted, filed an amended answer, first, denying generally the complaint; secondly, alleging mental incompetence of James Culbertson to make any contract or conduct his affairs; and, thirdly, counterclaiming that the plaintiff wrongfully entered upon the lands described and cut and removed considerable amounts of timber, to the damage of said James Culbertson $320. Upon trial in circuit court, verdict was found for plaintiff in the sum of $14.75, for which, together with costs, judgment was rendered, from which the defendant appeals.

For the appellant the cause was submitted on the brief of *A. M. Spencer* and *John Bottensek.*

For the respondent there was a brief by *Thos. H. Ryan* and *H. C. Sloan,* and oral argument by *Mr. Sloan.*

DODGE, J.  The first error is assigned upon the exclusion of certain evidence. The plaintiff having introduced the

original answer as an admission by James Culbertson contra-
dicting certain facts claimed by appellant, the latter offered
testimony of the attorney that he filed such answer, neither
signed nor verified by James Culbertson, without consulta-
tion with or information from him, but upon information
derived from others. The testimony was excluded upon ob-
jection. Such ruling might be either correct or erroneous,
according to the purpose of its offer. If, as respondent con-
tends, it was tendered merely to show that such former an-
swer was not receivable in evidence as an admission, the rul-
ing would be correct. Such answer filed by his authorized
attorney, and adopted by the client by proceeding to and
through trial thereon, was an admission, conclusive only so
long as the pleading remained unamended, but still eviden-
tiary even after substitution of another answer. *Wanzer v.
Howland,* 10 Wis. 8; *Norris v. Cargill,* 57 Wis. 251, 256, 15
N. W. 148; *Lindner v. St. Paul F. & M. Ins. Co.* 93 Wis.
526, 530, 67 N. W. 1125; *Lee v. C., St. P., M. & O. R. Co.*
101 Wis. 352, 77 N. W. 714. Some intimations in other
jurisdictions that such a pleading is not admissible at all,
without affirmative proof of authority from the party to the
attorney to make it, cannot control us in presence of the
well-established rule in this state. When, however, a writ-
ing ceases to be a pleading, by reason of presence of a sub-
stitute, it is of force only as is any other declaration of
facts—as an evidentiary admission of such facts,—and its
cogency to establish them varies according to many collateral
circumstances, such as deliberation and care with which
made, the clearness of comprehension of either the maker or
the reporter of the statement, or, especially when emanat-
ing from an agent, the fulness of consultation with and dis-
closure from the principal. For these reasons it is, of
course, proper to offer evidence of any such circumstances to
guide the jury in deciding upon the weight to be given to the
admission in comparison with any evidence conflicting there-

with. For such purpose the testimony of the attorney of-fered was clearly admissible and should have been received. *Husbrook v. Strawser,* 14 Wis. 403; *Lindner v. St. Paul F. & M. Ins. Co., supra.*

Error is also assigned upon refusal to permit defendant, widow of James Culbertson, to testify as to his mental ca-pacity. The offer was to prove by her that for ten years he had done no business because of his failing powers, mental and physical, and that for the last three years his memory had failed so as to render him incompetent to make any con-tract or do any business, which, counsel said, "we propose to show by his conduct and conversation." The ruling exclud-ing all such evidence went entirely too far. When the mar-ital status has terminated, the former wife is under no dis-qualification merely because her former husband or his es-tate is party to the suit. *Bigelow v. Sickles,* 75 Wis. 427, 44 N. W. 761; *Brown v. Johnson,* 101 Wis. 661, 77 N. W. 900. Her competency is only limited by secs. 4069, 4072, Stats., 1898; the former excluding testimony of a party as to transactions with the deceased in certain cases, and the lat-ter prohibiting disclosure of confidential communications—probably, also, an opinion based wholly on such excluded transactions or communications. *In re Hunt's Will,* 122 Wis. 460, 100 N. W. 874. But defendant could have tes-tified to acts, conduct, or transactions had by the deceased within her observation, if wholly unparticipated in and unin-fluenced by her. *Burnham v. Mitchell,* 34 Wis. 117, 133; *Wollman v. Ruehle,* 104 Wis. 603, 80 N. W. 919; *Brader v. Brader,* 110 Wis. 423, 85 N. W. 681; *Morgan v. Henry,* 115 Wis. 27, 90 N. W. 1012; *Anderson v. Laugen,* 122 Wis. 57, 99 N. W. 437. After narrating such acts, conduct, or conversation, she could have testified to her mental impres-sion as to decedent's competency derived therefrom. *Yanke v. State,* 51 Wis. 464, 469, 8 N. W. 276; *Crawford v. Chris-tian,* 102 Wis. 51, 78 N. W. 406; *In re Guardianship of*

*Welch,* 108 Wis. 387, 394, 84 N. W. 550. The offer of testimony clearly might have included such admissible evidence,. and the total exclusion of it'was prejudicial error.

Other assignments of error present events not likely to occur upon another trial and may be passed without discussion.

*By the Court.*—Judgment reversed and cause remanded. for a new trial.