## KNOX vs. GALLIGAN.

*Statute of limitations: note and mortgage.—Sale by executor, who may contest.—Evidence of mortgagee's lien for unpaid taxes.*

1. Judgment of foreclosure and sale may be rendered upon a mortgage, though the note secured thereby was barred by the statute of limitations before the commencement of the action.

2. In foreclosure of a mortgage by one who holds as assignee thereof from the administrator of the mortgagee, the mortgagor and those claiming under him cannot assail the assignment as made for less than its value; since payment of the mortgage debt to the assignee will be valid.

3. The mortgagor covenanted to pay the taxes, and the complaint alleges that the premises were sold to pay the taxes of certain.years, and certificates of sale is-

sued, and that the plaintiff was the assignee and holder of the certificates (the time and amount of each sale being stated), and that such taxes amount, with interest, to about $436, and remain wholly unpaid. The mortgagor's answer as to this allegation was merely a denial of any knowledge or information sufficient to form a belief. *Held*, that this was an admission of the non-payment of the taxes by him, and this admission, with the production of the tax certificates by the plaintiff at the trial, was sufficient *prima facie* evidence to sustain the finding of the court that the amount of such certificates was due the plaintiff.

APPEAL from the County Court for *Milwaukee* County.

Foreclosure of a mortgage made 18th June, 1852, to one Lenck, by defendant to secure his notes of the same date; and assigned to plaintiff by the executrix of said Lenck. The suit was brought in 1866. The mortgage contained a covenant by the mortgagor to pay the taxes; and the complaint alleges sales of the land in 1859, 1860 and 1862, for unpaid taxes; that plaintiff had subsequently paid the taxes and taken an assignment of the certificates; that the amount thereof, with interest, was $436, and defendant had never paid any part thereof, nor the principal of said note, nor certain interest due thereon. Prayer for judgment of foreclosure and sale to make the amount of the note, with interest, and said sum of $436. Answer, 1. That the action on the note and mortgage was barred by the statute. 2. Denying that plaintiff is the lawful owner and holder, and that any sum is due on said note and mortgage. 3. Denying sufficient knowledge or information to form a belief as to allegations of the complaint not specifically admitted or denied.

It appeared from the evidence that the executrix of Lenck sold the note and mortgage to plaintiff for $110. An objection by defendant to the introduction in evidence of the tax certificates mentioned in the complaint, on the ground that they were immaterial, was overruled. It also appeared that the plaintiff purchased them before purchasing the note and mortgage.—The court found the facts as alleged in the complaint, and rendered judgment as there demanded; and defendant appealed.

*Geo. B. Goodwin,* for appellant, contended, among other things, that under the statute (sec. 161, ch. 18, R. S., and ch. 123, Laws of 1860) a tax certificate is not evidence that the taxes are unpaid by the land owner, nor that they have been paid by the holder.

*Thomas M. Knox, contra.*

DOWNER, J.    The appellants contend that the county court erred, 1. In overruling the defense of the statute of limitations. 2. In holding the assignment of the mortgage valid.    3. In finding that there was sufficient evidence of unpaid taxes, and that they were a lien on the mortgaged premises.

The ruling of the court below on the statute of limitations is in harmony with the decision of this court, made at the last term, in *Wiswell v. Baxter,* 20 Wis., 680.

The appellants are not in a position to assail the transfer of the mortgage by the administratrix of the estate of the mortgagee because she sold it for a sum less than its value.    It is enough for them to know that a payment to the assignee will be valid.

As to the tax liens, there is an averment in the complaint that the mortgagors covenanted in the mortgage to pay all taxes on the mortgaged premises, and that they were sold to pay the taxes of 1859, 1860 and 1862, and certificates of sale issued, and that the plaintiff was the holder and assignee of the certificates, the time and amount of each sale being stated. There was the further averment, " that said taxes amount, with interest, to about the sum of $436, and said plaintiff avers that said *Henry Galligan* has not paid the same, nor any part thereof, but that said taxes remain wholly unpaid."    As to all these allegations respecting the taxes and tax certificates, *Galligan* answers only that " as to each and every other allegation of said complaint, not herein before specifically admitted or denied, he has not sufficient knowledge or information to form

a belief." He must certainly have known whether he had paid the taxes or not. We think the tax certificates produced and read in evidence at the trial, with the admissions of the pleadings, *prima facie* evidence, under the liberal rule which obtains between mortgagor and mortgagee, of valid tax liens.

*By the Court.*—Judgment of county court affirmed.