DELANEY, Administrator, etc. vs. BRUNETTE, imp.

*March 5 — March 31, 1885.*

*(1, 2) Mortgage: Payment: Evidence: Presumption from lapse of time.*
*(3) New trial: Surprise.*

1. A finding of the trial court as to the amount due upon a mortgage is *held* to be sustained by the evidence.
2. The inference of payment arising from mere lapse of time is not sufficient to overcome convincing proof of nonpayment.
3. An application for a new trial on the ground that the defeated party was taken by surprise by the testimony given by the opposite party in support of his side of the issue made by the verified pleadings, is *held* to have been properly denied. *Stowell v. Eldred,* 26 Wis. 504, distinguished.

APPEAL from the Circuit Court for *Brown* County.

This action was commenced May 20, 1876, to foreclose a note and mortgage executed by the defendant *Dominick Brunette* to John Baldwin, May 23, 1856, due in one year from that date, for $925, with interest from June 30, 1856, at ten per cent., payable semi-annually. The note and mort-

gage were assigned by Baldwin to Elisha Morrow, November 10, 1862; and Morrow assigned them to the plaintiff's intestate (Esther W. Williams), January 13, 1874. The complaint is in the usual form, alleging the recording of the mortgage and the assignments, and that no part of the note had been paid, except $92.51, June 30, 1857; $25, July 4, 1857; and $500, September 5, 1857,— making in all $617.51 paid.

Besides admissions, the answer denied that there was anything due upon the note and mortgage, and alleged that the maker of the note had, between November 10, 1862, and January 1, 1867, paid to said Elisha Morrow the full amount of any and all balance then due or thereafter to become due on the said mortgage and note, and that the same had been paid and satisfied in full.

On the trial the court found, as matters of fact, that the note and mortgage were executed and delivered as stated in the complaint; that no part of the debt thereby secured.had been paid, except as admitted in the complaint; that there remained unpaid thereon the sum of $1,360.56; and, as conclusions of law, that the plaintiff was entitled to judgment of foreclosure of the mortgage and sale of the mortgaged premises to satisfy the amount due, and the solicitor's fees named in the mortgage, and the costs and disbursements of the action.

The defendants moved for a new trial upon affidavits stating, among other things, that the testimony of Elisha Morrow to the effect that several payments made to him by the defendant *Dominick Brunette* were applied by said Morrow to other accounts and dealings between Morrow and said defendant and not to the payment of moneys due on the mortgage in suit, took the said defendant (the affiant) wholly by surprise, and that the affiant was unable immediately to meet said testimony further than by the denial of the same then made by himself; that said testimony was untrue, but

Delaney, Adm'r, etc. vs. Brunette, imp.

that it was impossible to find out and discover the counter-vailing facts necessary to prove it untrue without more time than the defendant had during said trial or has since had; and that if a new trial is granted the affiant verily believes that within a reasonable time he will be able to prove to the satisfaction of the court that when the action was commenced he was not indebted to said Morrow upon any account, and was not indebted to any amount upon the mortgage in suit. The motion was denied, and judgment was entered upon the findings. The defendant *Dominick Brunette* appealed.

For the appellant the cause was submitted on briefs by *E. H. Ellis & Merrill.* To the point that the lapse of a number of years, though less than sufficient for prescription, may afford a presumption of payment, which, if supported by other facts, may amount to full proof, they cited *Saddler's Adm'r v. Kennedy's Adm'x*, 11 W. Va. 187; *Calwell v. Prindle's Adm'r*, id. 307; *Farrington v. King*, 1 Bradf. (N. Y.), 182; *Heirs of Davenport v. Labauve*, 5 La. Ann. 140; *Copley v. Edwards*, id. 647; *Wooten v. Harrison*, 9 id. 234; *Fleming v. Rothwell*, 5 Harr. (Del.), 46; *Milledge v. Gardner*, 33 Ga. 397; *Tilghman v. Fisher*, 9 Watts, 441; *Blake v. Quash*, 3 McCord Law (S. C.), 340; *Williams v. Sims*, 1 Rich. Eq. 53; *Atkinson v. Dance*, 9 Yerg. 424; *Gould v. White*, 26 N. H. 178; *Moore v. Pogue's Ex'rs*, 1 Duv. (Ky.), 327; *Waters v. Waters*, 1 Met. (Ky.), 519; *Bander v. Snyder*, 5 Barb. 63; *Walker v. Emerson*, 20 Tex. 706.

For the respondent there was a brief by *Tracy & Wheeler*, and oral argument by *Mr. Tracy.*

CASSODAY, J. The cause having been tried by the court, the errors assigned on the ground of the improper admission of testimony are not available upon this appeal.

Evidence was given on the part of the defendant of numerous sums of money and several articles of property having passed from *Brunette* to Morrow prior to the time

when the latter assigned the note and mortgage to Williams. It is claimed on the part of the defendant that these sums of money and articles of property were applied as payments upon the note and mortgage in question. But the failure of the defendant to give dates and circumstances renders such testimony of but little value as against the detailed account and circumstantial statement in respect to such payments given on the part of the plaintiff by way of rebuttal. From such account and statement it appears that for many years Morrow and *Brunette* had considerable dealings and numerous money transactions independent of the note and mortgage in question. Thus it appears that Morrow held a judgment against *Brunette*, dated October 14, 1850, for $750.93; also another judgment, dated October 6, 1856, for $720.95; also a note, dated July 1, 1857, for $200; also a note, dated September 10, 1857, for $300; also a note and second mortgage on the premises in question, dated January 1, 1858, for $700; also a note of $69, dated October 30, 1865; also that Morrow took up a judgment against *Brunette* of $279.12, March 6, 1858; also other items. It also appears from the evidence that there were between them numerous settlements of particular transactions.

The questions whether any of the payments of money and delivery of property by the defendant to Morrow were to apply upon the note and mortgage in suit, or some of the other claims mentioned, or any of the admitted payments, or failed for want of proof, were each and all purely questions of fact. To detail and analyze the evidence would consume valuable space without any practical benefit. After a careful examination of the testimony, it is enough to say that none of us find any such preponderance of evidence in favor of the defendant as would authorize this court to disturb the findings of the trial court. In fact, we think the findings are sustained by the evidence.

It is urged that the plaintiff should not recover because

of the great length of time that intervened between the maturity of the note and the commencement of this action, and quite a lengthy argument and numerous authorities have been cited in support of this contention. Some of the facts stated may have furnished a reason for the delay. The statutes of limitation were not pleaded. Had they been pleaded, they could only have been effectual to prevent personal liability, but not to prevent the foreclosure of the mortgage and the sale of the mortgaged premises. *Wiswell v. Baxter*, 20 Wis. 680; *Knox v. Galligan*, 21 Wis. 470; *Potter v. Stransky*, 48 Wis. 242; *Hayes v. Frey*, 54 Wis. 518. It is enough to say upon this point that the mere inference of payment arising from mere lapse of time is insufficient to overcome convincing proof of nonpayment.

The application for a new trial was wholly insufficient, and hence properly overruled. To allow a defeated party, under the circumstances disclosed, to set aside a finding or open a judgment on the ground that he was taken by surprise when the opposite party gave testimony on the trial in support of his side of the issue squarely made by the verified pleadings, would be to establish a new rule of practice calculated to stimulate imaginary surprises in every defeated party without any benefit to himself, but with annoyance to the other party and additional expense to the county. We have no disposition to inaugurate such a practice. *Stowell v. Eldred*, 26 Wis. 504, is clearly distinguishable.

*By the Court.*— The judgment of the circuit court is affirmed.