## In re Steinke's Will.

*December 16, 1896 — February 2, 1897.*

*Lost will: Presumption as to revocation: Declarations of testatrix.*

On appeal to the circuit court from a decision of the county court
refusing to admit to probate a will alleged to have been lost, the
proponent produced evidence establishing the facts that the testa-
trix made a valid will, the contents of which were clearly proved,
and left it with the notary who drew it; and that after her death
it could not be found. The notary could not testify positively as

In re Steinke's Will.

to what had become of it, but thought the testatrix had taken and retained it. *Held,* that the presumption of revocation arising from her alleged possession of it and its disappearance was rebutted by evidence of frequent declarations by the testatrix, up to within three days of her death, that it was still in existence, unchanged, and in the possession of such notary, and that the will was properly admitted to probate.

APPEAL from a judgment of the circuit court for Milwaukee county: CHAS. V. BARDEEN, Judge. *Affirmed.*

Appeal from a judgment of the circuit court, establishing and admitting to probate an alleged lost will of Marie Steinke, deceased.

*Louise Strehlow* presented a petition to the county court of Milwaukee county, stating, in substance, the death of said Marie Steinke on the 28th of October, 1893, having previously made and executed her last will and testament, in which Frank Mueller was named as the executor, said deceased being at the time of her death an inhabitant of Milwaukee county; that her heirs at law were the said *Louise Strehlow,* and John Steinke, and two children therein named of Johanna Tietje, a deceased daughter of the said deceased; that, about one year previous to her death, the said Marie Steinke made and executed her will, and deposited the same for safe keeping with one Charles Holzhauer, and, after the death of her said mother, she went to his office to obtain the will from him, so as to propound the same for probate, but was informed that the will was not in his custody, and that the testatrix, Marie Steinke, had called for and taken it away, and never returned it to him, whereupon she made a thorough inspection of and search among the title papers of said Marie Steinke, but the said will could not be found, and had evidently been misplaced, and was lost.

She stated the provisions of the will in substance: That (1) she gave and devised the west thirty feet of lot 3, block

225, Brown's addition, Ninth ward, city of Milwaukee, to the petitioner, *Louise Strehlow;* second, she gave and devised to her son, John Steinke, the east ten feet of lot 3, and west twenty feet of lot 4, block 225, in said Brown's addition; third, she gave and bequeathed to each of her said grandchildren the sum of $200, to be paid by *Louise Strehlow*, with interest at six per cent.; fourth, she named Frank Mueller as her executor.

A hearing was had upon said petition, Franklin A. Becher having been appointed guardian *ad litem* of the minors interested in the proceeding. The county court refused to admit said alleged will to probate, and the petitioner, *Louise Strehlow*, appealed from such determination to the circuit court for Milwaukee county, where, after a trial and hearing, said will was allowed and established as a lost will, in substance as stated in said petition, and also as bequeathing to her said daughter, *Louise Strehlow*, and her son, John Steinke, her "few personal household articles of furniture."

The minor grandchildren, by their guardian *ad litem*, appealed from the judgment of the circuit court. The finding of the trial judge purports to set forth at length the substance of the evidence in the circuit court, and finds that the appellant and respondents, by their counsel, having admitted that the several bequests and dispositions of her estate by deceased were correct, and as stated by the witnesses, the only issue of fact to be found is, Was the will of Marie Steinke, deceased, in existence at the time of her death, and did she die believing it was in the care and custody of Charles Holzhauer, with whom it was placed? that the said will was duly executed in February, 1893, and delivered to the care of the custodian, at her request; that she did not have access thereto, and at the time of her death she fully believed her last will and testament was in existence, and in the care and custody of the person to whom she had so intrusted it; that she intended to dispose of her whole

estate by will, and died believing she had done so; and that there was no evidence to show that she had received the will again, or had destroyed it or authorized its destruction, or had taken it out of the possession of the person who had so received it.

For the appellants there was a brief by *F. A. Becher, in pro. per.*, and *Dahlberg & Becher*, attorneys, and oral argument by *S. W. Dahlberg*. They argued that the burden of proof was upon the proponent to establish that the will was lost or accidentally destroyed. The presumption is that, if it cannot be found, it has been revoked, and that presumption can be overcome only by positive proof. *Jamison v. Snyder*, 79 Wis. 286; Cassoday, Wills, § 356; Thornton, Lost Wills, § 56; *Schultz v. Schultz*, 35 N. Y. 653; *Betts v. Jackson*, 6 Wend. 173; *Idley v. Bowen*, 11 id. 227.

For the respondent there was a brief by *Keefe & Brand*, and oral argument by *J. C. Keefe*.

PINNEY, J. The evidence clearly shows that the deceased, early in 1893, duly made and executed her last will and testament, disposing of all her property in the manner and to the persons stated in the judgment of the circuit court, and that she delivered it for safe keeping into the hands of Mr. Holzhauer, the notary who drew it. She died October 28, 1893, and the evidence shows in the full belief that her said will still remained in the hands and safe keeping of Holzhauer. Two days after the death of the testatrix, application having been made by *Mrs. Strehlow*, one of the devisees, he was unable to find it in his safe, where he kept divers wills which he had drawn, or elsewhere.

He testified that he was under the impression that she had called for it, and that he had let her take it, and he so testified, in substance, in the county court. But on the trial in the circuit court he was unable to say with any certainty that he had so delivered it, or to remember that he had ever

In re Steinke's Will.

parted with it to any one. At one time it appears that he thought he might have delivered it to the county judge, after the death of the testatrix, and inquired at his office for it, and had made thorough search for it, but without avail. He further testified that, after the will was made, he could not remember what was done with it; that he remembered of having the will in his possession since that time, in his safe, but did not know what had happened to it; that he remembered that *Mrs. Strehlow* came to him, after the death of the testatrix, and asked for it; that he searched for the will, and did not know where it was; that no one could have taken it out of his safe without his knowledge or consent; that the testatrix called at his office as many as three or four times for the will, and he had loaned it to her, or let her take it, and that he could not tell how long she had kept it on such occasions before returning it; that he did not remember when she got it the last time, or that she returned it; that, if she returned it, he would have had it in his safe at the time of her death; that she did not send any one to him to get it; and that he knew she did not return it the last time she got it, and that he had not got it; that, at the last time she called on him, she was weak, and walked with difficulty.

His testimony on the subject is quite unsatisfactory. The testatrix was a person considerably advanced in years, and her last illness was of brief duration. About three days before her death, it appears that she told her daughter, *Mrs. Strehlow*, that she had not made any change in her will; that it should remain as she had made it, and "that Mr. Holzhauer has the will." Mrs. Otto testified that, on the Tuesday before she was taken sick, the testatrix stated to her how she had disposed of her property, and that "the will was at Holzhauer's;" and it was shown that three days before her death she made substantially the same statement to Ida Weisenberg; that she had frequently spoken to her about

the will, and on each occasion had said that the will "was over to Holzhauer's," and on the evening of that day she made the same statement, in substance, to Sophia Wichmann. Mrs. Lempke testified that the testatrix, then being quite weak, told her, three days before her death, that, if she "could get up again, she would go to Holzhauer's, and have her will qualified or destroyed or changed," and told her that the will was at Holzhauer's. After her death, it could not be found with her papers or effects.

The evidence, as to her clear and repeated declarations, satisfactorily shows that she believed from a period of time when she became unable to go and get it, up to the time of her death, that Holzhauer still had and held her will. If it satisfactorily appeared that Holzhauer returned the will to her, and it was last known to be in her possession, and after her death could not be found, a *prima facie* presumption would arise that she had destroyed it, with the intention of revoking it,— a presumption subject to be rebutted by competent evidence. Her declarations upon the subject of the existence or nonexistence of the will and its custody, up to or within a short time previous to her death, are competent evidence to rebut such presumption, and to show that she died in the belief that the will was still in existence as a valid disposition of her estate.

This subject is fully considered in *In re Valentine's Will*, 93 Wis. 45, where the authorities on this subject are collated and cited by CASSODAY, C. J., and the point vital on this appeal is expressly ruled.

If Holzhauer delivered to her the will and she failed to return it, we think that the evidence is sufficient to rebut any presumption of revocation by its destruction by the testatrix or by her authority. If he is mistaken in this respect and the will was left with him, then, and in any view that may be taken of the evidence, it was properly regarded as a lost will and established as such, and the judgment of the

circuit court that it be allowed and admitted to probate in the county court, as provided by law, is correct, and should be affirmed.

*By the Court.*— The judgment of the circuit court is affirmed.