HOLWAY, Executrix, Respondent, vs. SANBORN and another, Appellants.

*January 31—February 21, 1911.*

*Payment: Presumption from lapse of time: Rebuttal: Evidence: Instructions to jury: Appeal: Review: Verdict: Witnesses: Competency: Transactions with persons since deceased.*

1. The unexplained circumstance of a demand being twenty years past due creates a presumption of payment thereof.
2. The aforesaid rule is according to the common law and subsists notwithstanding the written law.

3. Unlike the statute of limitations the common-law rule is not a bar nor a legal presumption conclusively extinguishing the debt.

4. The presumption of payment is one of fact, rebuttable by evidence, direct or indirect, or both, showing to the contrary, the burden of proof being on the creditor.

5. While the common-law presumption of payment is one of fact it should prevail unless quite satisfactorily overcome by competent evidence.

6. The evidentiary character of the common-law presumption of payment may be overcome by circumstances alone, in the reasonable judgment of the court, not too remote, sufficient to satisfy a jury, to a reasonable certainty.

7. For rebuttal of the common-law presumption of payment evidence of absence of the debtor from the state during the whole or a large part of the twenty years, facts preventing the creditor from bringing suit, relationship of the parties, possession of the evidence of indebtedness by the payee, or his personal representative, or in case of death of the former, finding such evidence among the papers left by him apparently unpaid, and many other circumstances according to diverse situations,—are competent.

8. The court may properly mention to the jury the evidence bearing on any controversy, speaking of it correctly, and, in case of conflict, without suggesting the effect thereof.

9. If, in any reasonable view of the evidence in any case, the jury could honestly have come to the conclusion complained of, the judgment cannot properly be disturbed on appeal, even though from the record alone the major probabilities may appear otherwise to the reviewing court.

10. Under sec. 4069, Stats. (1898), excluding testimony of a party as to any conversation or transaction had by him with a deceased person under whom he claims, the testimony of a third person, present and constructively participating in the conversation or transaction by in any way exerting an influence in respect thereto, is also excluded.

[Syllabus by MARSHALL, J.]

APPEAL from a judgment of the circuit court for La Crosse county: GEORGE GRIMM, Judge. *Affirmed.*

Action to recover on a promissory note.

Complaint in the usual form, plaintiff suing as personal representative of the deceased payee.

The note was made December 31, 1882, for $250, payable

with interest at the rate of six per cent. per annum in one year after date. The payee resided when the note was given and thereafter till his decease in the state of Wisconsin. During all that time and till the action was commenced, as alleged, defendants resided on the Pacific coast. They omitted to pay any part of principal of the note or interest thereon. Plaintiff asked for judgment for such principal and interest, amounting to $639.

Defendants pleaded payment, and, further, that more than six years elapsed before the commencement of the action after appointment of plaintiff as personal representative of the deceased; and that about three years after such appointment she, by resignation, ceased to be such representative, and by reason of such facts she ceased to have legal capacity to prosecute any action upon the note.

The making and delivery of the note was admitted. These facts were established: Plaintiff had legal capacity to sue as she did. The note came duly to her possession in her capacity as personal representative of the payee and as part of the assets of his estate. The debt became due more than twenty years before the action was commenced and more than eight years before the holder thereof died. It was not inventoried as part of his estate and no demand for payment was made till the action was commenced, during all of which time defendants were financially able to pay. The payee had possession of the paper from the time it was made till he died, and soon thereafter it came into the possession of plaintiff. She found it among the valuable papers left by deceased. He was a resident of Wisconsin during all the time till he died and likewise was plaintiff till suit was commenced. During all such time defendants resided on the Pacific coast. Defendant *Lillie Sanborn* is the daughter of the deceased by his first wife and her codefendant is her husband. Plaintiff is the widow of deceased. She was duly appointed with another as a personal representative of deceased pursuant to his

will.    The co-executor resigned in 1896.    Defendants visited this state, at least once, after maturity of the note during the lifetime of the payee and several times thereafter.    There was evidence tending to show that plaintiff made efforts to collect the note soon after it came to her possession; that she employed attorneys therefor who made efforts to obtain service of a summons on defendants in an action to enforce payment and finally succeeded.

The court submitted to the jury the issue of payment, instructing them that from the stale nature of the note there was a presumption of fact of payment thereof.    The finding was in favor of plaintiff and judgment was entered accordingly.

*George H. Gordon,* for the appellants.

*Jesse E. Higbee,* for the respondent.

MARSHALL, J.    The first question presented for consideration is this: Is the presumption of payment which by the rules of the common law arises from the circumstance of a debt being twenty years past due, one of fact merely, rebuttable by evidence of nonpayment, or is it one of law, in legal effect extinguishing the debt?    That is ruled in favor of the first of the alternatives by *Delaney v. Brunette,* 62 Wis. 615, 23 N. W. 22.    The presumption is there spoken of as a mere evidentiary inference of payment subject to be overcome like any other debatable matter, except the fixed period requisite to create the presumption gives an artificial dignity, so to speak, to the circumstance of such weight as to require pretty satisfactory evidence to overcome it.    That is but a declaration of a familiar elementary principle.    It will be found stated and applied in numerous adjudications elsewhere and also stated in all text-book authorities.

A good type of the adjudications outside of our own state is *Hale v. Pack's Ex'rs,* 10 W. Va. 145, to the effect that the statute is supplementary to the common-law limitation, but

the latter is not a legal bar, it is only a presumption of fact rebuttable by evidence satisfactorily showing the truth to be otherwise.

A good type of the text-book authorities is Jones on Evidence at secs. 63 to 66 inclusive (2d ed. §§ 66–69). That is particularly valuable because of the numerous citations mentioning circumstances judicially regarded as competent to be considered by a jury in respect to whether the presumption should prevail or not. The text referred to is in these words:

"The presumption of payment arising from the lapse of time may of course be rebutted by satisfactory and convincing proof; but in such case the burden of proof rests upon the creditor."

The following circumstances bearing on the question, particularly applicable to this case, are mentioned: the absence of the debtor from the state during the greater part of the time relied on to create the presumption (*Daggett v. Tallman*, 8 Conn. 168; *McLellan v. Crofton*, 6 Me. 307, 334); facts preventing the creditor from bringing suit (*Hale v. Pack's Ex'rs*, 10 W. Va. 145; *Crooker v. Crooker*, 49 Me. 416); relationship of the parties and that the collection of the money might have occasioned distress or great inconvenience (*Wanmaker v. Van Buskirk*, 1 Saxt. Ch. (N. J.) 685. Many other circumstances might be mentioned, among them some characterizing this case, as the jury might reasonably have concluded from the evidence; such as, possession of the note by the payee down to the time of his demise; finding it among his papers notwithstanding pretense that at a personal interview, the details of which were excluded under the statute, it was claimed to have been paid; finding it among his valuable papers apparently as an existing obligation; efforts to avoid service of papers within the state and efforts to obtain such service within the twenty years.

Since the presumption of payment in such a case rests on

circumstantial evidence, necessarily, rebuttal thereof is particularly within a field rendering such evidence competent and, generally, the main reliance, especially in case of death of the payee, as in this case. "Any facts and circumstances," as it is said, "which render it more probable than otherwise that payment has not in fact been made, may be received." If they, in the whole, are, in reason, sufficient to overcome the presumption of payment arising from the lapse of time, and evidence corroborative of it, satisfying the jury that the truth is otherwise, a verdict for a recovery is proper.

The next proposition for discussion is this: Did the court err in rejecting the evidence of defendants, or either of them, respecting a conversation claimed to have been had by them with the payee in respect to the note? Such evidence was rejected, primarily, under sec. 4069, Stats. (1898). That it was properly rejected as to the one confessed to have had the conversation is too clear for discussion. As to the other, the correctness of the ruling turns on whether the person, not actually taking part in the conversation or transaction, was by his presence and influence a participant therein. *Schultz v. Culbertson,* 125 Wis. 169, 103 N. W. 234. So at the outset the court had to pass upon a question of competency, involving determination of a matter of fact. In that situation it is elementary that the result is not disturbable on appeal unless manifestly wrong. That rule, as we view the record, controls the proposition in favor of respondent.

Respondent was permitted to testify as regards directions she gave her attorney in respect to collecting the note. That was fairly within the field of competency as a circumstance bearing on the evidentiary effect of the presumption of payment from lapse of time, and it seems to have been offered and received on that account alone.

The next proposition suggested for decision is: Did the circuit judge err in saying to the jury that the note was found among the valuable papers of the deceased apparently un-

paid? The idea intended to be thereby conveyed and the only one which probably reached the jury is that the paper was found, as stated, and that there was nothing about it indicating payment, which is strictly correct. It is not error in giving instructions to speak of evidence to be considered, mentioning the same correctly, and without suggesting its effect where there is room for conflicting inferences. There was no suggestion as to the weight of the circumstance here. That was left entirely to the jury to consider in connection with all other evidence.

The last proposition is, whether the evidence warranted the verdict. The case was peculiarly one for jury determination. If in any reasonable view of the evidence they could honestly have reached the conclusion which they did, it cannot be disturbed on appeal even though it may appear here that the major probabilities are the other way. That elementary doctrine, as we view the record, rules the last proposition in favor of respondent.

*By the Court.*—The judgment is affirmed.

