Will of Lauburg: Lauburg, Respondent, vs. Ihmig and another, by guardian *ad litem*, Appellants.

*December 6, 1919—January 13, 1920.*

*Wills: Proof of lost will: Witnesses: Competency: Communications with deceased persons: Appeal: Facts shown otherwise than by incompetent witness: Harmless error.*

1. Where decedent in a general conversation addressed to all within hearing made certain statements as to his will, those present all being persons interested in the estate, such communication could not, under sec. 4069, Stats., be testified to by those present.
2. Permitting a witness to testify as to a conversation with a deceased person, in violation of sec. 4069, was harmless where the facts covered by the testimony were shown by other competent witnesses whose testimony was uncontradicted.
3. In a proceeding to have an alleged lost will admitted to probate, the evidence is *held* sufficient to overcome the *prima facie* presumption that the will had been destroyed.

Appeal from a judgment of the circuit court for Milwaukee county: W. J. Turner, Circuit Judge. *Affirmed.*

The proponent originally filed a petition in the county court of Milwaukee county for the establishment of an alleged lost will of Anna Lauburg, deceased, mother of the proponent. The contestant was appointed by the county

court as guardian *ad litem* of *Herbert* and *Beatrice Ihmig,* children of a deceased daughter of Anna Lauburg. He filed his objections to the establishment of the alleged lost will. The matter was heard before the county court and decision was rendered refusing to establish the alleged copy of decedent's will as the last will and testament of Anna Lauburg.

Appeal was taken to the circuit court for Milwaukee county. A trial *de novo* was had. The circuit court found that Anna Lauburg at the time of her death was a woman seventy years of age; that she left surviving her seven children and two grandchildren, minor children of a deceased daughter; that the four daughters, Mary, Annie, Nellie, and Rose, are married and in comfortable financial circumstances; that Henry is unmarried and capable of earning his livelihood; that the son Fred has been mentally and physically incapable of supporting himself and had for many years been supported by his mother and father while they were living and by his sisters since his mother's death; that the decedent in November, 1913, made a will disposing of her estate, which amounts to about $10,000, whereby she gave her estate, subject to small bequests and after giving the other children $500 each and excluding the grandchildren by name, one half to *Lillian,* who had remained at home and helped care for her invalid father during his life and the invalid brother, and the other half in trust for the benefit of Fred; that in May, 1915, decedent made another will revoking the former will, disposing of her estate as she did before to *Lillian* and in trust for Fred, increasing the minor bequests somewhat, and again excluding the grandchildren; that she knew the making of the second will revoked the former; that shortly before her death, on different occasions, she expressed satisfaction with the second will and that she had thus provided for her son Fred. The court also found that she did not intend to die intestate nor to revoke the last will made by her.

The court held that the second will had been lost, and that it had been duly proved and established, and that it is entitled to probate. Judgment was entered reversing the judgment of the county court, and the proceeding was remanded to the county court to proceed in accordance with the judgment of the circuit court and to probate the will and administer the estate according to law. This is an appeal from such judgment.

*Arthur Breslauer* of Milwaukee, guardian *ad litem,* for *Herbert* and *Beatrice Ihmig.*

*A. A. Cooper* of Milwaukee, for the respondent.

SIEBECKER, J. It is contended that the trial court erred in permitting three of decedent's daughters, who have an interest in her property under the will, to testify to transactions and communications had by them personally with the deceased. The evidence objected to was to the effect that the decedent had conversation with some of her children on several occasions at her home; that these witnesses were present; that they did not take an active part in the conversations; that the decedent stated in effect that she had made a will disposing of her property and that she had provided for Fred. It appears that these conversations were general and addressed to those within hearing. The circumstances under which the words were spoken and the nature of the communication show that they were in substance a personal communication between the deceased and those who were present and heard them, and hence come within the prohibition of sec. 4069, Stats. The facts covered by this testimony were, however, shown by other competent witnesses whose testimony is uncontradicted, so that the improper admission of these communications and conversations was not prejudicial. We have examined the other exceptions to rulings of the court admitting evidence over appellants' objections and find they were proper, and no detailed discussion of them is deemed necessary. The

principal issue on this appeal is presented by the claim of the appellants that the evidence does not sustain the trial court's findings that the will made by the decedent on May 5, 1915, was not revoked by her during her lifetime and that it is entitled to be established and probated as her last will. The record shows that the trial judge is sustained in holding that the material facts of the case are not in dispute. Upon the undisputed facts he found that the testator was an intelligent person; that she knew when she made her last will on May 5, 1915, that she revoked her former will and that if she died intestate all of her children and the children of her deceased daughter would share equally in her estate; that she was fully aware of Fred's dependency and appreciated the sacrifices of her daughter *Lillian* in staying home to assist testator in caring for the invalid father and brother, Fred, through a long period of years after arriving at her majority; that the testatrix up to the time of her death intended to make provision for Fred and *Lillian* as she did make it in both wills; that a short time before her death she obtained her last will from the custody of her attorney for the purpose of placing it in her safety-deposit box at the bank; that she understood the first will, which she left in this deposit box in an envelope, was revoked by the second will and that she intended to destroy it; that through inadvertence or otherwise she left it in such box, removed from the envelope, which empty envelope was found in this box; and that the last will could not be found. Many of the circumstances shown by the evidence are persuasive and clear in their implication, which support the findings of fact of the circuit court. The appellants, however, insist that the evidence is not of sufficient probative weight to overcome the *prima facie* presumption, predicated on the loss of the will, that she destroyed it with the intention of revoking it. *Valentine's Will,* 93 Wis. 45, 67 N. W. 12; *Estate of Johnson, ante,* p. 436, 175 N. W. 917.

The facts and circumstances disclosed by the evidence

tend to show that the testatrix up to the time of her death had made declarations tending to show the existence of her will and had no intention of revoking her second will, and that she steadfastly adhered to her purpose of providing for her son Fred and her daughter *Lillian* as she had done in this will. In the light of the evidence we cannot say that the trial judge's findings of fact are against the clear preponderance of the evidence. We think the trial court was justified in concluding that the *prima facie* presumption that the will had been destroyed was overcome by the facts and circumstances adduced in evidence. *Steinke's Will,* 95 Wis. 121, 70 N. W. 61; *Gavitt v. Moulton,* 119 Wis. 35, 96 N. W. 395.

*By the Court.*—The judgment appealed from is affirmed.