SALMON, Appellant, vs. FIRST NATIONAL BANK OF MADISON, Administrator, Respondent.

*November 8, 1940—March 11, 1941.*

154

For the appellant there were briefs by *McGeever & Mc-Geever* of Madison, and oral argument by *William C. Mc-Geever* and *James D. McGeever*.

For the respondent there were briefs by *James E. Karn* and *William H. Spohn*, attorneys, *Francis Lamb* of counsel, and *Frank W. Lucas*, guardian *ad litem*, all of Madison, and oral argument by *Mr. Lamb, Mr. Karn*, and *Mr. Lucas*.

The following opinion was filed December 3, 1940:

FAIRCHILD, J.   The question here presented is: Does sec. 325.16, Stats., in any of its provisions compel the ruling that Peter Kneeland cannot testify concerning a conversation between Margaret Salmon and William Kneeland, deceased, on February 27, 1938?   Upon the trial his testimony was taken subject to objection and the ruling thereon was reserved until after the verdict was returned.   At that time the trial court stated its conclusion "that Peter Kneeland's

testimony, though credible (as found by the jury), is not competent, as a matter of law, to prove the gift to Margaret. There is no other testimony which is competent to show this gift."

Sec. 325.16, Stats., so far as material, reads:

"No party or person in his own behalf or interest, and no person from, through or under whom a party derives his interest or title, shall be examined as a witness in respect to any transaction or communication by him personally with a deceased . . . person in any civil action or proceeding, in which the opposite party derives his title or sustains his liability to the cause of action from, through or under such deceased . . . unless such opposite party shall first, in his own behalf, introduce testimony of himself or some other person concerning such transaction or communication, and then only in respect to such transaction or communication of which testimony is so given or in respect to matters to which such testimony relates."

The ruling that the witness Peter Kneeland was incompetent to testify in relation to the alleged gift was based on the supposition that he participated in the transaction, and that he had a claim or interest which he transferred in some manner to appellant. *Schultz v. Culbertson,* 125 Wis. 169, 103 N. W. 234; *Holway v. Sanborn,* 145 Wis. 151, 130 N. W. 95; *Will of Pullen,* 166 Wis. 254, 165 N. W. 25; *Will of Lauburg,* 170 Wis. 502, 175 N. W. 925.

An examination of the facts, while somewhat arousing suspicion of some understanding or agreement between Peter and the appellant, does not disclose a conspiracy, nor is he revealed to be the owner of any claim which he could transfer to anyone. There is no question but that a transfer to the plaintiff by Peter of some existing right growing out of the transaction would have made him incompetent as a witness, because under the terms of the statute he would be a person "through or under whom a party derives his interest or title." But Peter could not at any time have maintained an action

to recover anything for himself, for he did not at any time have any interest or valid claim to any part of the alleged gift. Nothing was said either to Peter or appellant by the deceased in that transaction that can be the basis of a legal claim in favor of Peter. Peter did say that his brother sometime before promised to give him $10,000, but this was not discussed on the 27th of February.

It is established that Peter took no part in the transactions or communications with the deceased at the time of the alleged gift to appellant, and that all Peter knows about the matter is what he overheard while the appellant and William were engaged in the conversation and performing the acts which accomplished the alleged gift.

Appellant and Peter both filed claims against the estate, setting out under oath that the alleged gift to appellant was made subject to a lien in the sum of $10,000 to be paid by her to Peter. Before the trial Peter abandoned his unfounded claim. The respondent argues that both the appellant and Peter are now bound by their verified statements that Peter had a claim against the estate, and hence are estopped to deny his interest which would make him incompetent as a witness. The filing of the claims works no estoppel. It might affect Peter's credibility, but it does not make him incompetent.

The witness heard his brother tell the appellant that he was giving her some personal property. None of the prohibitions in sec. 325.16, Stats., forbid his relating this before the court and jury at the trial. It is apparent that when his testimony is received, the evidence sustains the finding of the jury and that finding entitles the appellant to the relief asked for.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment in plaintiff's favor.

A motion for a rehearing was denied, with $25 costs, on March 11, 1941.