ESTATE OF FONK: FONK, Appellant, v. ZASTROW and others, Respondents.

*No. 231.   Argued May 4, 1971.—Decided June 2, 1971.*
(Also reported in 187 N. W. 2d 147.)

For the appellant there was a brief by *Wickham, Borgelt, Skogstad & Powell,* attorneys, and *Reuben W. Peterson, Jr.,* of counsel, all of Milwaukee, and oral argument by *Mr. Peterson.*

For the respondents Susan Zastrow, Grace Pelikan, Loretta Jahnke and Joseph Plauf there was a brief and oral argument by *Ralph J. Podell,* attorney, and *Bernard F. Mathiowetz* of counsel, both of Milwaukee.

For the respondent Donald Plauf there was oral argument by *Howard E. Halaska* of Elm Grove.

HEFFERNAN, J.  In *In re Will of Valentine* (1896), 93 Wis. 45, 54, 55, 67 N. W. 12, this court stated:

"Where, as here, it is established that the testatrix properly executed a valid will, and the same was last known to be in her possession but cannot be found on her death, there is a *prima facie* presumption that she destroyed it with the intention of revoking it, but such presumption may be overcome by competent evidence."

We pointed out in *Will of Faulks* (1945), 246 Wis. 319, 349, 17 N. W. 2d 423:

"When some evidence to the contrary is received, that is, evidence which if uncontradicted is sufficient to support a finding, the presumption is destroyed or removed— it then has no probative force. The matter is then to be

determined upon all the facts freed from the presumption." *See also: Will of Donigian* (1953), 265 Wis. 147, 150, 60 N. W. 2d 732.

The presumption of revocation of a missing will and the rationale of the rule have been stated by Professor William Herbert Page in his treatise on wills, 3 Page, *Wills* (Bowe-Parker Rev.), pp. 697, 698, sec. 29.139:

"If a will or codicil, known to have been in existence during testator's lifetime, and in his custody, or where he had ready access to it, cannot be found at his death, a presumption arises that such will was destroyed by testator in his lifetime with the intention or [of] revoking it, and in the absence of rebutting evidence this presumption is sufficient to justify a finding that the will was revoked. This presumption has been adopted as the rule which conforms most of the actual facts of human life. While wills are occasionally destroyed by disinherited heirs, they are much more frequently destroyed by testator, with the intention of revoking them. This presumption, therefore, takes the normal case as the standard, and requires affirmative evidence of the abnormal case."

In the instant case the facts are substantially undisputed, and the only question that arises is whether those facts are sufficient to overcome the presumption of revocation by the testatrix during her lifetime.

Reciprocal wills were executed in 1953. No argument is made that they were contractual in nature, and counsel for the appellant admitted during oral argument that Marie Fonk could have altered or revoked her will if she saw fit to do so. *See, Pederson v. First Nat. Bank* (1966), 31 Wis. 2d 648, 143 N. W. 2d 425.

Albert Fonk died within a few months of the execution of the reciprocal wills. Ten years later, Marie Fonk went to the office of the attorney who drafted the wills. He was not sure of the exact date. He believed that the visit occurred in 1963, but also acknowledged that the visit might have been at some earlier time. He was vague

about the circumstances of the visit, but he was positive that she had asked him whether the will she executed in 1953 was still valid. The statement of Attorney Juliani was presented for the purpose of showing that six years prior to her death she expressed an intention that her will remain in effect. Certainly, his statement is susceptible to that interpretation. His statement is also susceptible to the interpretation that she was inquiring whether she could change her will. His statement to her was, "I told her that it was [still good], and I didn't believe she could change it."

In addition, the proponents of the will made an offer of proof to the effect that, at the time of the original execution of the wills, it was clearly the plan of Albert Fonk and Marie Fonk to have their estates disposed of in identical fashion. The trial judge refused this offer of proof, correctly we conclude, on the grounds that, in the absence of some evidence of the wills being contractual, the testatrix's intent sixteen years prior to her death was not probative of whether or not she had revoked the will prior to her death.

The only evidence properly before the court is, therefore, the testimony of Attorney Juliani, which can arguably be cited for the proposition that in 1963, six years before her death, she had no intention to revoke the will. Even giving that evidence the interpretation urged by the appellant, it has no probative force that would affect the presumption that the missing will was destroyed by the testatrix with the intention of revoking it.

The appellant relies upon numerous cases wherein this court, although recognizing the presumption, nevertheless concluded that, when evidence is adduced permitting a reasonable inference contrary to the presumption, the presumption drops out and the matter must be determined upon all the facts free from the presumption. In each of these cases, however, death either followed close upon the heels of the valid execution of the will or very

shortly after a reaffirmation of the will or an expression of satisfaction with its terms and provisions.

In *In re Will of Valentine, supra,* the will was executed on June 29, 1892, and the testatrix died on July 10, 1893. Although the will was missing at the time of her death, the trial court decision excluding the will from probate was reversed to permit the admission of evidence that would tend to show that she had performed acts during that short period of time that would tend to show either her affirmation of the will or its revocation.

In *Will of Donigian, supra,* the will was executed on August 7, 1951, and death occurred on January 10, 1952. The court in that case relied not upon the fact that the will had been executed to the testator's apparent satisfaction only five months before, but rather upon the fact that three weeks before his death he stated that he "was satisfied with the provisions of his most recent will." (P. 153)

In *Estate of Lambert* (1948), 252 Wis. 117, 31 N. W. 2d 163, the will was executed on March 16, 1946. Lambert died on April 1, 1946. The court found that the fact that Lambert had "persisted in statements of satisfaction with its contents up to the day of his death" (p. 126) created a sufficient inference to overcome the presumption that the will was destroyed with the intent of revoking it. No reliance was placed upon the fact that the will had been executed only two weeks previously.

The testatrix in *In re Will of Steinke* (1897), 95 Wis. 121, 70 N. W. 61, affirmed the existence of a will only three days before her death, and the court held that this evidence was sufficient to overcome the presumption of revocation.

In *Wendt v. Ziegenhagen* (1912), 148 Wis. 382, 134 N. W. 905, there was a nine-year interval between the execution of the will and the death of the testator, but during that interval the testator recognized the will's

existence and affirmatively asserted that he did not wish to change it. In *Ziegenhagen* the trial court found that the testator had affirmed the existence of his will only a short time before his death. That finding was sufficient to overcome the presumption of revocation.

In *Will of Lauburg* (1920), 170 Wis. 502, 175 N. W. 925, we held that evidence that the testatrix had made statements up to the time of her death affirming the existence of her will was sufficient to overcome the presumption of revocation prior to her death.

More recently, in *Estate of Markofske* (1970), 47 Wis. 2d 769, 178 N. W. 2d 9, we held that the statement of the testatrix affirming her will four or five months prior to her death was sufficient to overcome the presumption that the missing will had been revoked by the testator.

It is thus apparent that the ambiguous statements made by Marie Fonk to Attorney Juliani six years prior to her death are so remote as to have no probative value and are insufficient to give rise to an inference contrary to the presumption of revocation. Had she executed her will six years prior to her death, it could not be seriously argued that merely because she had expressed her satisfaction at the time of the execution of the will that her earlier intent had any evidentiary value in regard to overcoming the presumption that arose when the will was not found to be in her records. What appellant really argues is that, where a will has once been executed and subsequently affirmed, no matter how remote in time an affirmation might be from the date of death, there is a presumption that the testator intended not to revoke the will and that the burden of the proof therefore falls on those who object to its admission. This is clearly contrary to the rationale of the rule and public policy behind the rule as set forth in the quotation from Page cited hereinbefore. It seems clear that in the instant case the objectors of the will may properly rely upon the pre-

sumption alone. No evidence has been offered which would give rise to a reasonable inference contrary to the assumption of the law that Marie Fonk destroyed the will with the intention of revoking it.

Moreover, it should be pointed out that subsequent to the alleged affirmation of the will in Attorney Juliani's office, the circumstances of her life changed in that she moved to Milwaukee and lived with her sister, one of her heirs at law, up to the time of her death. This new association with her sister could lead to the reasonable inference that her circumstances had changed and that good reason could have existed in her mind for the revocation of the will. Such inference arising out of changed circumstances is, however, unnecessary in the instant case, where it is clear that the objectors to the will may rely upon the unrebutted presumption that the will was destroyed by the testatrix.

*By the Court.*—Judgment affirmed.