ESTATE OF ZILLMER: ZILLMER and another, Appellants, v. VON BRIESEN, Executor, and others, Respondents.*

*No. 40. Submitted May 3, 1973.—Decided June 5, 1973.*
(Also reported in 207 N. W. 2d 674.)

For the appellants the cause was submitted on the briefs of *Borgelt, Powell, Peterson & Frauen,* attorneys, and *Reuben W. Peterson, Jr.,* and *Robert C. Burrell* of counsel, all of Milwaukee.

For the respondents the cause was submitted on the brief of *Foley & Lardner,* attorneys, and *Harrold J.*

* Motion for rehearing denied, with costs, on August 28, 1973.

*McComas, Robert J. Bonner* and *Jack A. Porter* of counsel, all of Milwaukee.

For respondent University of Wisconsin the cause was submitted on the brief of *Robert W. Warren,* attorney general, and *Stephen M. Sobota,* assistant attorney general.

PER CURIAM. The objectors, who are appellants here, are the adopted children of the late brother of the deceased. They will take the estate if there is an intestacy. They have concentrated their attack on the judgment on an argument that the evidence was insufficient to overcome the presumption that Dr. Zillmer destroyed her will with the intention of revoking it. This presumption arose from the fact that the will could not be found. The presumption drops out when evidence is introduced which, if uncontradicted, is sufficient to support a finding. *Estate of Fonk* (1971), 51 Wis. 2d 339, 187 N. W. 2d 147. Therefore, whether we view the question as one of overcoming the presumption of revocation or of satisfying the proponents' burden under sec. 856.17, Stats., to show that the will was either lost, accidentally destroyed, or destroyed without the testator's consent, this is a sufficiency of the evidence case. The standard on review is that the findings of the trial court will be sustained unless the finding is against the great weight and clear preponderance of the evidence. *Estate of Velk* (1972), 53 Wis. 2d 500, 192 N. W. 2d 844.

Dr. Zillmer's apartment was in disarray at the time of her death. The apartment had recently been painted, and papers were scattered far and wide. The fireplace was full to overflowing with papers that appeared to have been discarded. The only tidy portion of the apartment was Dr. Zillmer's bedroom. An onionskin copy of the will in question was found in her dresser.

Despite thorough searches of the apartment and three safe-deposit boxes, the original of the will could not be located. The searches of Dr. Zillmer's apartment turned

up approximately $12,000 in uncashed dividend checks and a number of stock certificates. The special administrator of the estate determined that one stock certificate was missing and was unable to account for numerous dividend checks. The apparently discarded papers in the fireplace were not checked in the searches of Dr. Zillmer's apartment, because the landlady burned them before they could be inspected.

Prior wills executed by Dr. Zillmer formed a pattern of disposition consistent with the will in question. The trial judge found that Dr. Zillmer was not the type of person who was likely to die without a will, and this finding is supported by the evidence.

Although there is other evidence in the case which would permit a different conclusion, we cannot hold that the finding of the trial court that the will was lost or accidentally destroyed is against the great weight and clear preponderance of the evidence.

The judgment is affirmed.